573 So.2d 598 (1991)
Gregory Bruce MOORE, et ux., Plaintiffs-Appellees,
v.
Fairmount White McCULLOUGH, et al., Defendants-Appellants.
No. 22101-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*599 Hal V. Lyons, Shreveport, for defendant-appellant, Claude G. Head.
Love, Rigby, Dehan, McDaniel & Goode by J. Philip Goode, Jr., Shreveport, for plaintiffs-appellees, Gregory Bruce Moore and Mary Denise Beach Moore.
Before MARVIN, C.J., and FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Defendant, Charles G. Head, appeals a district court judgment holding him liable in damages to the plaintiffs for failure to adequately inspect the roof of a residence prior to their purchase of it. The plaintiffs have filed an answer to Head's appeal seeking an increase in damages. We amend to increase the award of damages and affirm as amended.
In August 1985, plaintiffs Gregory Bruce Moore and his wife Mary Denise Beach Moore purchased a residence from defendants Fairmount W. McCullough and his wife Lori Lee McCullough. Prior to the closing, plaintiffs took advantage of a clause in the buy-sell agreement permitting inspections of various aspects of the residence. A roof inspector, defendant Head, was employed to inspect the roof, especially in light of the fact that the McCulloughs had had previous difficulties with roof leaks and there was some visible evidence of structural problems around the edge of the roof.
Head conducted an inspection of the roof which included an exterior inspection from the rooftop and an inspection of the underside of the roof from the attic. Following his inspection, he rendered an inspection *600 report noting some nominal problems which could be repaired for $400. He charged and was paid for the inspection.
The McCulloughs hired third party defendant M.L. Rabb to make the roof repairs that had been recommended by Head. Rabb had performed repairs on the same roof for the McCulloughs the previous year.
Following the repairs, the negotiation process was completed and the Moores purchased the property from the McCulloughs in August 1985. There was an "as is" clause in the several purchase agreements and the final deed.
Only a couple of months after the plaintiffs purchased the property, they began to experience substantial leaks following periods of significant rainfall. Upon inspection of the attic by the plaintiff husband, he discovered several strategically placed buckets in the attic which were overflowing with water.
Plaintiffs then summoned Head to return to the property to review the matter. Head testified that he made several trips before finally discovering a leak in progress. Following this discovery, Head attempted to remedy the situation by carefully lifting some of the shingles and inserting a tar-like substance. The plaintiff husband testified that the leaks subsided temporarily; however, not long after, the leaks recurred.
Plaintiffs filed suit against their vendors, the McCulloughs, as well as the roofing inspector, Head. The McCulloughs in turn filed a third party demand against M.L. Rabb d/b/a Rabb Roofing Co., the roofing contractor who had made the repairs to the roof.
Following a bench trial, in a written opinion, the district court found in favor of the McCulloughs and against the plaintiffs on their demand in redhibition, concluding that the plaintiffs were aware of the roof problems based on the inspection by Head and further that the "as is" clause contained in the sales contract insulated the vendors from liability. The third party demand against Rabb was also dismissed. None of these dispositions are at issue in this appeal.
The district court also found in favor of the plaintiffs and against Head, concluding that he had failed to adequately perform the roof inspection. The district court found that Head either saw or should have seen the buckets in the attic and that such was evidence of a more serious problem than his cursory inspection disclosed. The court awarded plaintiffs damages for the cost of reroofing their home, but reduced their recovery to take into account the remaining useful life in the old roof.
Head now appeals, arguing that a simple inspection was all he had been hired to do, that he never entered the attic, and that he should not be held liable for any damages under the circumstances. The Moores have filed an answer to Head's appeal, seeking an increase in damages.
Although Head specifies numerous errors, these may be consolidated into two issues, that of liability and that of damages. We turn first to the issue of liability.
The linchpin of Head's appeal is that he was contracted to perform a simple inspection of the roof on the McCulloughs' home prior to the Moores' acquisition of the residence. This argument, in essence, is that a simple inspection is just that. He argues that he was not required to do any more than a simple visual inspection and that he is being held liable for not discovering roof problems which could not have been easily discovered. He refers, by analogy, to a buyer's duty of simple inspection in the context of redhibitory defects.
The Moores, on the other hand, argue that the purpose of a roof inspection is to discover defects which a layman would not be capable of discovering by means of a simple inspection.
Head argues that his only duty was to inspect the roof material itself, and that he did not consider anything except the roof covering to constitute part of the roof. However, his inspection disclosed problems with soffits and fascia boards and he provided an estimate for repairs of those problems. *601 This action clearly indicates that, in addition to the roof covering itself, he considered peripheral parts of the roof structure.
Head also argues that he never entered the attic of the residence, where strategically placed buckets would have alerted him to problems with the roof. However, the realtor, the buyer, and the seller all testified that he entered the home and went into the attic by way of a disappearing staircase in the hallway. The district court obviously believed that Head had indeed entered the attic. Factual determinations are within the province of the district court and we are unable to say, based upon a review of the instant record, that the district court was clearly wrong in its conclusion. Rosell v. ESCO, 549 So.2d 840 (La. 1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, writ denied, 374 So.2d 660 (La.1979).
The district court's conclusion that Head entered the attic and saw or should have seen the buckets in the attic is supported by the record. The defendant, Mr. Head, was experienced in the roofing business and was retained to inspect and discover circumstances such as existed on the instant premises. We thus agree that Mr. Head failed to properly accomplish the task for which he was contracted. LSA-C.C. Art. 2769; Merrydale Glass Works, Inc. v. Merriam, 349 So.2d 1315 (La.App. 1st Cir. 1977), writ refused, 350 So.2d 1211 (La. 1977). Having failed to do so, Mr. Head is therefore liable for damages which the plaintiffs have sustained as a result of his failure to properly accomplish his task.
With regard to damages, Head argues that the Moores have been bettered by the district court's judgment because they have a new roof on their home which will be adequate much longer than they could have otherwise expected. The Moores counter that the district court erred in reducing their recovery by taking into account any theoretical useful life left in the old roof.
Where there is a legal right to recovery, but the damages cannot be exactly estimated, courts have reasonable discretion to assess damages based upon all the facts and circumstances of the case. Tide Craft, Inc. v. Red Ball Oxygen Co., 514 So.2d 664 (La.App. 2d Cir.1987), writ denied, 516 So.2d 135, 136 (La.1987). In considering this task, we note that Head's liability can be said to arise out of both contract and negligence.[1] However, this question is only theoretical as we conclude that regardless of the theory of liability, the proper calculation of plaintiffs' damages in this case is the amount by which plaintiffs would have been entitled to recover from the sellers in quanti minoris under LSA-C.C. Arts. 2541-44.
If the defendant Head had properly accomplished the work for which he contracted, the roof damage would have been discovered and the plaintiffs either would not have purchased the premises or would have required that the sellers repair the roof at a cost which would have been apparently commensurate with that which plaintiffs spent to repair the roof, $3708.00.[2] In other words, if the defendant had properly accomplished his inspection, plaintiffs would have benefitted in the foregoing amount in that the seller would have spent this sum to repair the roof, or the plaintiffs would not have been out this sum as they would not have purchased the premises.
However, plaintiffs complain that the district court erred when it reduced their recovery by the amount of useful life remaining in the old roof. We find merit in this complaint.
As we appreciate the trial court rationale, it is that when the plaintiffs bought the house, seven years of useable life remained *602 in what was originally a 15-year roof. Since it was some two years thereafter that the plaintiffs reroofed the house, the old roof had five years of usable life remaining. In other words, as we appreciate it, the court reasoned that it would have been necessary for the plaintiffs to reroof the house in five years in any case, thus the plaintiffs were only entitled to one-third of the value of the 15-year roof they installed.
We conclude that this determination overlooks the fact that had the defendant Head properly accomplished his task, the plaintiffs would either not have purchased the house or would have required the sellers to reroof the house. Thus, the plaintiffs would either have purchased a house with a roof having a 15-year life span or the sellers would have declined plaintiffs' requirement. In either case, the plaintiffs would not have had to expend this sum. We therefore conclude that plaintiffs' damages are the total value of the repairs. We will therefore amend the district court judgment to award plaintiffs $3708.00, the full amount of the roofing repairs.
For the above and foregoing reasons, we amend the judgment of the district court to award plaintiffs $3708.00 rather than $2221.34. As amended, the judgment is affirmed at the cost of the defendant Mr. Head.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Head may be held liable for defective performance of a contract, LSA-C.C. Art. 1994, for a negligent act that caused damage to the plaintiffs, LSA-C.C. Art. 2315, or for failure to perform a contract in a workmanlike manner, LSA-C.C. Art. 2769.
[2] Although the Moores had the repairs done some two years after the transfer of the property and it is arguable that the cost of reroofing the house was greater as a result of the passage of time, we find nothing in the record to indicate that the amount spent by the Moores was unreasonably high or that it would have been substantially cheaper had it been done two years earlier.