830 So.2d 489 (2002)
Carlos PANAMENO and Julie Everhart, individually and on behalf of their minor son, Brandon Panameno, Plaintiff-Appellant
v.
LOUISIANA RIVERBOAT GAMING PARTNERSHIP d/b/a Isle of Capri Casino Bossier City, Defendant-Appellee.
No. 36172-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
*490 Jack H. Kaplan, Frank V. Zaccaria, Jr., Gretna, for Appellant.
Charles W. Salley, Shreveport, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, J.
In this personal injury suit, the plaintiffs, Carlos Panameno and Julie Everhart, appeal a summary judgment in favor of the defendant, Louisiana Riverboat Gaming Partnership, d/b/a Isle of Capri Casino-Bossier City. For the reasons set forth below, we affirm the trial court's grant of summary judgment.

FACTS AND PROCEDURAL HISTORY
In July 2001, Carlos Panameno and Julie Everhart, individually and on behalf of their minor son, Brandon Panameno, filed an action against the Louisiana Riverboat Gaming Partnership, d/b/a Isle of Capri Casino-Bossier City ("Isle of Capri"). The plaintiffs allege that on July 8, 2000, their minor son was injured when an unsecured metal pillar holding ropes that sectioned off the buffet line fell on their son while they were waiting in the buffet line in a restaurant at the Isle of Capri. After filing a general denial, the Isle of Capri filed a motion for summary judgment asserting that the metal pillar was one of a series of portable posts, also known as stanchions, connected together by rope and used for traffic control and line queuing for customers moving through the buffet line. In its motion for summary judgment, the Isle of Capri alleged that the *491 stanchions were "industry standard"; were customarily used by banks, restaurants, theaters and other such establishments; and, were not inherently dangerous. Moreover, the motion for summary judgment asserted that the plaintiffs could present no evidence to show that there was any condition on the premises which caused the minor child's injuries or was defective in any way, nor could the plaintiffs show that the Isle of Capri violated any duty owed to the minor child.
Attached to the motion for summary judgment was the affidavit of Joe B. Thomas ("Thomas"), the risk manager for the Isle of Capri. In his affidavit, Thomas stated that it was his responsibility to investigate accidents at the Isle of Capri and that he was familiar with the lawsuit brought by the Panamenos. Thomas stated that he had reviewed a video recording of the incident which showed that the three-year-old child was neither near his parents nor under their control. Instead, the child left his father and was injured when "he came in contact with the stanchions or the ropes and overturned a stanchion." According to Thomas, the stanchions have a heavy metal base and are not secured to the floor, but perform a very important function of crowd direction and necessarily must be movable. Thomas further stated in his affidavit that he had visited all of the other casinos in the Shreveport-Bossier City area, as well as the main lobbies of two Shreveport banks. He found that all the casinos and the banks used similar stanchions to those used by the Isle of Capri at the scene of the incident. Thomas averred that he neither had personal knowledge of any other child being injured, nor did the Isle of Capri's records indicate that any other child had been injured by the stanchions. According to Thomas, since he began his employment in October 1999, there had been approximately four-and-one-half million patrons who had entered the casino, and a substantial number of those patrons have purchased the buffet and entered through the stanchions.
The plaintiffs filed only a memorandum in opposition to the motion for summary judgment. The plaintiffs produced no evidence, but argued that the defendants had not produced a copy of the video recording referred to by Thomas. The plaintiffs asserted that the court should allow the case to go forward because there was a "reasonable question of fact" between the plaintiffs' version of the incident and the defendants' version. The plaintiffs argued that a three-year-old child under the control of his parents sometimes will run away or grab onto things that will fall on him, and that such could reasonably be anticipated by the defendants when children were invited to attend the buffet with their parents. The plaintiffs also asserted that the Isle of Capri had taken the deposition of both parents, but neither of their depositions was included in the documentation submitted in support of the defendants' motion for summary judgment although the parents testified "very clearly and concisely" in their depositions as to how the accident occurred.
During the hearing on the motion for summary judgment, the attorneys for each side essentially made the same argument set forth in their memoranda. The plaintiffs' counsel admitted that he did not have an affidavit in opposition to the motion for summary judgment, but he argued that the defendant's affidavit was self-serving. The trial court took the matter under advisement. Subsequently, the trial court granted summary judgment in favor of the defendant, Isle of Capri. The plaintiffs appeal.

DISCUSSION
Summary judgment procedure is designed to secure the just, speedy, and inexpensive *492 determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. art. 967.
In instances in which the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
On appeal, courts review summary judgments de novo under the same criteria that govern the district court's determination of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc. et al., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477; Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124. Some important underlying principles included in this determination are that the trial judge cannot make credibility calls on a motion for summary judgment, but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion for summary judgment. See Independent Fire Insurance Company v. Sunbeam Corporation, 99-2257 (La.2/29/00), 755 So.2d 226.
In the instant case, the Isle of Capri, as movant, did not bear the burden of proof at trial. Accordingly, the movant only needed to show that there was an absence of factual support for one or more elements essential to the plaintiffs' claim in order to require the plaintiffs to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial. Accordingly, the essential issue on appeal is whether the Isle of Capri's motion for summary judgment was sufficient to "point out" the absence of factual support and thereby require production of factual support by the plaintiffs. In other words, the essential question is whether the Isle of Capri's motion for summary judgment satisfied its burden of production, thereby shifting the burden of production to the non-moving parties.
The language of LSA-C.C.P. art. 966(C)(2) with regard to the burden of proof at trial and the movant's burden on a motion for summary judgment plainly is derived from the United States Supreme Court's opinion in Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Although derived from the three-justice dissenting opinion in Celotex, that opinion is fully consistent with the five-justice majority opinion with regard to summary judgment principles, and the dissenting opinion more clearly explains the moving party's burden where the non-moving party cannot prove its case. Mark Tatum and William Norris, III, Summary Judgment and Partial *493 Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131 (1998). The authors of the cited law review article summarize the dissenting opinion's discussion of summary judgment principles as follows:
The dissent explains that the burden of establishing the non-existence of a genuine issue of material fact is on the moving party and has two distinct components: (1) an initial burden of production; and (2) an ultimate burden of persuasion. While the initial burden of production, if satisfied by the moving party, can be shifted to the nonmoving party, the burden of persuasion always remains on the moving party .... Unless the court finds the moving party has met its initial burden of production, the court need not decide whether the moving party has met the ultimate burden of persuasion.
The dissent further explains that the burden of production requires the moving party to make a prima facie showing of entitlement to summary judgment, and that the manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. If the moving party will bear the burden of persuasion, the moving party must support its motion with credible evidence consisting of any of the items specified in Rule 56(c). If this evidence would entitle the moving party to a directed verdict if not controverted at trial, then the burden of production shifts to the nonmoving party either to produce evidence showing that a genuine issue of material fact exists, or to submit an affidavit requesting more discovery time. On the other hand, if the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production in two ways: (1) submit affirmative evidence negating an essential element of the nonmoving party's claims; or (2) demonstrate to the court the insufficiency of the nonmoving party's evidence on an essential element of the nonmoving party's claim.
(Citations omitted.)
In the instant case, the nonmoving parties, the parents of the minor child, would bear the burden of persuasion at trial. Accordingly, the moving party, the Isle of Capri, could satisfy its burden of production either by submitting affirmative evidence negating an essential element of the plaintiffs' claim or by demonstrating to the court the insufficiency of the plaintiffs' evidence on an essential element of their claim. However, the Isle of Capri could not merely make a conclusory assertion that the plaintiffs had no evidence. As pointed out in the dissent in Catrett, such a burden of production would be no burden at all "and would simply permit summary judgment procedure to be converted into a tool for harassment." 477 U.S. at 332, 106 S.Ct. at 2557.
In the instant case, the Isle of Capri's motion for summary judgment asserts that the portable posts involved are "industry standard" and not inherently dangerous. The motion also asserts that the plaintiffs cannot present any evidence to show that there was a condition on the premises which was defective or caused the minor child's injury. Further, the defendants argue that the plaintiffs cannot show that the Isle of Capri violated any duty to the minor child. The motion for summary judgment then asserts that the plaintiffs cannot rely on "the mere allegations of fact" in their petition, but must introduce credible evidence which creates genuine issues of material fact. These assertions are the kind of conclusory assertions that are insufficient to carry the movant's burden of production. However, the Isle of Capri also attached to its *494 motion for summary judgment the affidavit of its risk manager, Thomas. Accordingly, we must examine that affidavit in order to determine whether the Isle of Capri carried its burden of production in this case.
Initially, we note that the portion of Thomas' affidavit concerning the video recording of the incident does not help the Isle of Capri carry its burden of production. As previously noted, affidavits must be made on personal knowledge and set forth such facts as would be admissible in evidence; however, the video recording of the incident, without more, would be inadmissible hearsay evidence at trial, and the affidavit's statements concerning the video recording plainly are not made on personal knowledge, but upon review of the hearsay evidence. Personal knowledge means something which a witness actually saw or heard, as distinguished from something a witness learned from some other person or source. Richardson v. Lagniappe Hospital Corporation, 33,378 (La.App.2d Cir.5/15/00), 764 So.2d 1094. Furthermore, even if that portion of the affidavit with regard to the video recording were admissible, the affiant's statement that the child was injured "when he came in contact with the stanchions or the ropes and overturned a stanchion" hardly indicates whether the stanchion should not have overturned under the circumstances.
On the other hand, the affidavit does indicate that the child overturned the stanchion, and that the stanchions have a heavy metal base. The latter fact indicates that the stanchions are not likely to overturn easily, and the fact that the movant's records did not indicate any similar incidents, despite the large number of patrons of the casino, is affirmative evidence tending to negate an essential element of the plaintiffs' claim.[1] The affiant's statement that all casinos, as well as banks, use similar stanchions also lends support to the movant's position. The widespread use of such stanchions tends to show that they are safe in normal use, and that there would be no reason to suspect that they might easily overturn.
Accordingly, after reviewing the affidavit and giving it the proper weight, as required in our de novo review, we conclude that the Isle of Capri submitted sufficient affirmative evidence to shift the burden of production to the plaintiffs. Because the plaintiffs then failed to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial, there was no genuine issue of material fact. Therefore, summary judgment was appropriate.

CONCLUSION
For the above reasons, we affirm the trial court's grant of summary judgment. Costs are assessed to the appellants, Carlos Panameno and Julie Everhart, individually, and on behalf of their minor son, Brandon Panameno.
AFFIRMED.
CARAWAY, J., concurs in the result.
NOTES
[1] This is not a strict liability case. In addition to proving that a defect existed under LSA C.C. art. 2317.1, the plaintiffs were required to show that the defendant, Isle of Capri, knew or should have known of the allegedly defective condition of the stanchions, that the injury to the plaintiff could have been prevented by the exercise of reasonable care and that the defendant failed to exercise such reasonable care.