902 So.2d 1146 (2005)
SHELTER INSURANCE COMPANY, Plaintiff-Appellant
v.
BROAN-NUTONE, LLC, and CBC, Inc., Defendant-Appellant.
No. 39,625-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1147 Randall J. Meyer, Gretna, for plaintiff-appellant, Shelter Insurance Company.
McGlinchey Stafford, PLLC, by Deirdre C. McGlinchey, Elizabeth P. Blitch, New Orleans, for defendant-appellant, Broan-Nutone, LLC.
Davenport, Files & Kelly, L.L.P., by M. Shane Craighead, Monroe, for defendant-appellee, CBC, Inc.
Before GASKINS, CARAWAY and MOORE, JJ.
*1148 CARAWAY, J.
Insurance company, as subrogee to its insured's fire loss, brought this action against both the installer and manufacturer of a kitchen range hood in which the fire started. The defendant that installed the range hood filed a motion for summary judgment asserting that the plaintiff's expert's conclusion pointed to a manufacturing defect and that its installation actions could not have caused the fire. The trial court granted the motion for summary judgment resulting in this appeal. Finding that genuine issues of material fact remain, we reverse the summary judgment and remand for further proceedings.

Facts
Shelter Insurance Company, ("Shelter") as subrogee of Byron and Ruby Ritchie, filed suit against CBC, Inc. ("CBC"), and Broan-Nutone, Inc., ("Broan"), the installer and manufacturer, respectively, of a range hood that caught fire in November 2002 and damaged the Ritchie home. Shelter paid for the fire loss as the property insurer. Before the fire, CBC performed repairs and renovations to the Ritchie home in January of 2002 after the premises had been earlier damaged by another fire. The repairs included the installation of a Broan Allure Range Hood which was purchased by the Ritchies from a local retailer. Eleven months after CBC's installation, on the evening of November 23, 2002, Mr. Ritchie heard a popping noise and saw smoke coming from the hood. At that time, he utilized a personal fire extinguisher and the sink spray attachment to douse the area around the hood. Unknown to Mr. Ritchie, however, a latent fire smouldered within the hood. Near midnight, he discovered a blaze in his kitchen and immediately called the fire department. Damages amounting to $54,600 were confined to the kitchen cabinets above the stove, the wall between the kitchen and bathroom and the attic above that area.
Shelter paid the Ritchies' claim but filed suit as subrogee in November 2003 against Broan and CBC alleging negligence in the repair and manufacture of the hood, res ipsa loquitur, and breach of warranty. Following initial discovery responses by Shelter, CBC sought summary judgment on June 18, 2004. A hearing on the motion was scheduled for August 20, 2004. Eight days prior to the hearing date, Broan sought discovery from CBC and Shelter. Two weeks previous, Broan had also apparently requested that numerous depositions be taken.
In support of its motion, CBC relied upon the affidavit of its president, Carl J. Cloessner, who stated that the work of CBC relating to the hood "in no way involved... any wiring or other work inside the vent-a hood unit itself." CBC also included the amended discovery response by Shelter which named the cause of the fire as an overheated fan motor that ignited the plastic fan blades. CBC also attached a letter of Shelter's expert, Robert H. Newell, dated December 17, 2002, which confirmed the overheated motor as the cause of the fire and that Mr. Ritchie initially heard a "popping noise" and "saw smoke" coming from the hood several hours prior to the discovery of the fire. CBC argued that it was entitled to summary judgment because the fire originated in a location where it had performed no work and no evidence indicated that it caused or contributed to the fire in question.
Shelter opposed the summary judgment arguing the prematurity of the motion due to incomplete discovery although Shelter had not formally sought a continuance of the hearing. Shelter also opposed the motion with an affidavit of Robert Newell who stated that the "cause of the overheated *1149 fan motor was more likely than not either improperly lubricated bearings inside the fan motor or a foreign object preventing the fan blades from turning and causing the motor to overheat." Newell also stated his disagreement with Cloessner's conclusion that CBC could not have left anything in the hood affecting the fan blade. He disputed that CBC had only connected wire outside of the hood. Newell based his conclusion on the installation instructions that accompanied the hood and indicated that the installer must go inside the hood to tighten the screws that attach the device to the firewall cabinet above. Shelter also included Newell's December 17, 2002 letter to Shelter and the hood installation instructions. Shelter argued that CBC was not entitled to summary judgment because the origin of the "popping noise" had not been determined and the reason for the overheating of the fan motor had not yet been established.
Opposing summary judgment, Broan echoed Shelter's arguments and additionally contended that Cloessner's affidavit was not based upon personal knowledge.
After the August hearing, the trial court rejected the arguments of Shelter and Broan and dismissed CBC from the suit with prejudice, specifically finding that adequate discovery time had elapsed from the time of the fire to the hearing and that the evidence supported CBC's summary judgment. This appeal ensued.

Discussion
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837 (La.5/14/02), 817 So.2d 21. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Gray v. Investment Cars Unlimited, Inc., 36,691 (La.App. 2d Cir.1/29/03), 836 So.2d 1184, writ denied, 03-0670 (La.5/2/03), 842 So.2d 1108.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967. Personal knowledge means something which a witness actually saw or heard, as distinguished from something a witness learned from some other person or source. Panameno v. Louisiana Riverboat Gaming Partnership, 36,172 (La.App. 2d Cir.10/23/02), 830 So.2d 489.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049; S.G. v. City of Monroe, 37,103 (La.App. 2d Cir.4/11/03), 843 So.2d 657; Row v. Pierremont Plaza, L.L.C., 35,796 (La.App. 2d Cir.4/3/02), 814 So.2d 124, writ denied, 02-1262 (La.8/30/02), 823 So.2d 952.
A contract for work or service carries an implied obligation on the contractor to perform in a workmanlike manner, in default of which he must respond in damages for the losses that may ensue. La. C.C. arts. 1994 and 2769; Platt v. Interstate Dodge, 37,059 (La.App. 2d *1150 Cir.4/9/03), 843 So.2d 1178; Gagliano v. Namias, 479 So.2d 23 (La.App. 4th Cir. 1985); Rogers v. Nelson Dodge, Inc., 407 So.2d 443 (La.App. 3d Cir.1981). An owner seeking to recover from a contractor for defective workmanship bears the burden of proving: 1) both the existence and nature of the defects; 2) that the defects were due to faulty materials or workmanship, and 3) the cost of repairing the defects. Industrial Roofing and Sheet Metal Works, Inc. v. J.C. Dellinger Memorial Trust, 32,048 (La.App. 2d Cir.8/20/99), 751 So.2d 928, writs denied, 99-2948, 99-2958 (La.12/17/99), 752 So.2d 166. In addition to contractual liability, this court has recognized a tort cause of action in these circumstances for want of skill. Platt v. Interstate Dodge, supra; Moore v. McCullough, 573 So.2d 598 (La.App. 2d Cir.1991). To succeed in such a cause of action, a plaintiff must make some showing of want of skill, efficiency or knowledge or some lack of ordinary care in the performance of the work or in the selection of suitable equipment or materials. Platt v. Interstate Dodge, supra.
Both Newell's affidavit and letter confirmed that Mr. Ritchie heard a popping sound immediately prior to when he first observed smoke coming from the hood. Newell concluded that either the bearings or a foreign object more likely than not caused the fan to overheat and the resulting noise. Although the evidence is not entirely clear, it suggests that the hood's fan was on at the time of Mr. Ritchie's first discovery of the smoldering hood unit. The popping noise may have been associated with either of the two problems discussed by Newell. Newell's review also demonstrates that CBC's relatively recent installation of the hood allowed for the possibility that a foreign object could have been negligently left behind inside the hood due to faulty workmanship.
Moreover, from our review of Cloessner's affidavit, he never states that he, the president of the company, performed the actual installation work for the hood. He, therefore, does not sufficiently establish a basis for his personal knowledge of the work activities performed during the installation. Accordingly, this affidavit should not have been considered by the trial court. Jarvis v. Mid-South Rail Corp., 30,860 (La.App. 2d Cir.8/24/98), 716 So.2d 969.
Under the circumstances, we find that genuine issues of material fact remain. The judgment of the trial court is reversed and this matter is remanded for further proceedings. Costs of appeal are assessed to CBC.
REVERSED AND REMANDED.