# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 11-693


**ROBERT G. NUGENT, ET UX**

**VERSUS**

**J&A AUTO SUPPLY, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 233,999
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.


**REVERSED AND REMANDED.**


**Charles Gregory Gravel**
**Gravel, Cespiva & Wilkerson**
**P. O. Box 1792**
**Alexandria, LA 71309-1792**
**Telephone: (318) 487-4501**
**COUNSEL FOR:**
> **Plaintiffs/Appellants - Robert G. Nugent and Marion Elaine Chandler Nugent**

**Sidney Wallis Degan, III**
**Degan, Blanchard & Nash**
**400 Poydras Street – Suite 2600**
**New Orleans, LA 70130**
**Telephone: (504) 529-3333**
**COUNSEL FOR:**
> **Defendants/Appellees - Safeco Insurance Company and American Economy Insurance**

Nan Maria Landry
303 W. Vermilion Street -  #210
Lafayette, LA 70501-6869
Telephone:  (337) 234-7000
COUNSEL FOR:
     Defendant/Appellee - J&A Auto Supply, Inc.

Micah A. Gautreaux
Degan, Blanchard & Nash
6421 Perkins – Building C,  Suite B
Baton Rouge, LA 70808
Telephone:  (225) 610-1110
COUNSEL FOR:
     Defendants/Appellees - Safeco Insurance Company and American
     Economy Insurance

**THIBODEAUX, Chief Judge.**

Robert G. Nugent and Marion Elaine Chandler Nugent (Lessors), claim that the trial court erred by granting a summary judgment in favor of Safeco Insurance Company (Safeco). Lessors' building was damaged in a fire while under lease to J&A Auto Supply, Inc. (J&A). The trial court found that there was no coverage under Safeco's policy for losses the Lessors claimed. We reverse because there is a question of material fact as to the cause of the fire.

I.

## ISSUE

We shall consider whether there is a genuine issue of material fact regarding the cause of the fire where: (1) because of the fire's intensity and the resulting destruction of the evidence, the cause could not be established with certainty; and, the fire's genesis was in the area where a person not licensed as an electrician installed electrical wires.

II.

## FACTS

Lessors owned a building that they were renting to J&A at the time of the fire. James Morrison owned J&A and operated its auto supply business. At the time of the fire, an insurance policy issued by Safeco, with J&A as an insured, was in effect. Under the policy, J&A had both loss and liability coverage. The policy also contained an endorsement that included managers or lessors of the premises as additional insureds for liability purposes.

Morrison was not a licensed electrician, but, sometime after he rented the building from the Lessors, he installed electrical wiring in the building. This work was not inspected or approved by anyone. Morrison could not state with certainty

what gauge wire he installed but admitted that an installation of a wrong gauge wire could lead to an overheating.

On April 27, 2008, a fire erupted in the rented building. The fire started in the area of the building where Morrison installed the electrical wiring. There were flammable substances near that area.

The insurance company conducted two investigations of the fire. A fire scene analyst conducted the first investigation. He could not determine the cause of the fire but could not rule out an electrical malfunction. The report stated that the stored fuel additives and paint thinners contributed to the intensity of the fire severely damaging the content of the building and making the evaluation very difficult.

An engineering examination of electrical equipment at the building was conducted next because an electrical failure was suspected of being the ignition source. The engineer similarly concluded that because of the numerous petroleum products inside the building, the fire reached "extremely high temperatures." The wiring was burned, scattered around, and was missing. This "made it impossible to make a complete analysis of the electrical systems inside the store." Thus, the engineer found no conclusive evidence as to how the fire began.

Safeco moved for summary judgment claiming that because Lessors were the additional insureds only on the liability portion of the insurance and not on the loss portion of the policy, they could not claim coverage under the loss provisions. Furthermore, because Lessors were not the ones being sued, they could not claim coverage under the liability portion of the insurance. Thus, Safeco argued, the only way for Lessors to establish coverage was to show J&A's liability. Because the cause of the fire could not be established, Safeco averred that Lessors could not show that it was J&A's negligence that caused the fire.

Lessors, on the other hand, argued that there was sufficient circumstantial evidence showing J&A's liability for the summary judgment purposes. Furthermore,

2

they asserted that their loss was covered even without a showing of J&A's negligence because as a Lessee, J&A had a contractual and a statutory obligation, under La.Civ.Code art. 2683, to return the leased premises in their original condition, excluding ordinary wear and tear. Safeco, on the other hand, argued that there was an exclusion in the policy of the contractually-assumed liability.

The trial court found no coverage for Lessors' loss under Safeco's policy. Lessors appealed. We now consider the appeal.

## III.

## STANDARD OF REVIEW

An appellate court reviews summary judgment de novo. *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, *writ denied*, 97-1840 (La. 10/17/97), 701 So.2d 1327.

## IV.

## LAW AND DISCUSSION

Despite the parties' arguments to resolve this case, we need not decide whether, absent negligence on the part of the Lessee, Lessee is nevertheless *statutorily* liable for damages to the leased property.[1] Nor do we need to consider whether J&A *contractually* accepted an obligation to return the property the way it received it irrespective of the company's negligence. Therefore, we do reach the question of whether Safeco sustained its burden of proof that an exception in its insurance policy, disguised as a definition, applies. This case is resolved by considering whether there is a genuine issue of material fact as to the cause of the fire.

---

[1]The resolution of this question could be important because Lessors claim that there is an independent statutory obligation under La.Civ.Code art. 2683 to return the leased premises the way they were received, excepting ordinary wear and tear. If there is indeed this statutory obligation, then the exclusion of the *contractually*-accepted obligation to return property the way it was received may be inapplicable.

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "The burden of proof remains with the movant." La.Code Civ.P. art. 966(C)(2). If the movant will not bear the burden of proof at trial, the movant need not negate all essential elements of the adverse party's claim, action, or defense. *Id.* Instead, the movant must demonstrate that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* Then, the adverse party must produce enough factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* There is no genuine issue of material fact if the adverse party fails to produce the factual support. *Id.*

The movant's burden is an onerous one. Only when reasonable persons, after considering the evidence, could not disagree as to whether a genuine issue of material fact exists, the movant's burden of persuasion is satisfied. *See Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37. On the other hand, the adverse party's burden is one of production, not persuasion: the adverse party must "*produce* factual support sufficient to establish that he will be able to satisfy his *evidentiary* burden of proof at trial . . . ." La.Code Civ.P. art. 966(C)(2) (emphasis added). As the legislature clearly stated, the burden of *persuasion* never shifts to the adverse party but "remains with the movant." *Id.*

Here, Safeco did not carry its burden to show that there is an absence of factual support for one or more elements essential to the Lessors' claim. Safeco argues that Lessors have no support for the causation element, i.e., that J&A's negligence caused the fire. This assertion is inaccurate. The Lessors' evidence sets forth the following specific facts. J&A's owner, who is not a licensed electrician,

installed electrical wires at the leased building. This installation was not approved by any authority. The fire started in the area of the building where the wires were installed, and Morrison himself testified at his deposition that the installation of improper-gauge wires may lead to overheating. Furthermore, Morrison could not remember what gauge wire he installed, and, as Safeco's experts articulated, the wires were destroyed in the fire and were missing.

Lessors point out that almost all the evidence was destroyed in the fire, making it very difficult to determine with any certainty what caused the fire. Nevertheless, they claim that they have enough circumstantial evidence, described above, to support the causation element at the summary judgment stage of the proceedings.

Ultimately it is Safeco's burden to persuade that there is no genuine issue of material fact. Lessors need only satisfy their burden of producing evidence that sets forth specific facts that there is a genuine issue for trial. Based on these considerations, summary judgment was improper in this case.

V.

## CONCLUSION

The trial court's judgment granting a summary judgment in favor of Safeco Insurance Company is reversed. Costs of this appeal are assessed to Safeco Insurance Company.

**REVERSED AND REMANDED.**