GREMILLION, Judge.
j ]The plaintiff/appellant, Joseph Boxie, appeals the summary judgment granted in favor of defendant/appellee, Dale Angelle. For the reasons that follow, we affirm.
FACTS
Mr. Boxie alleged in his petition for damages that he entered into a lease with Mr. Angelle of three barn stalls .for the purpose of housing two horses and a pony. As. further alleged, the barn caught fire on February 7, 2014; during this fire, Mr. Boxie’s horses and pony were killed.. He also lost tack, feed, and medicine. The fire, Mr. Boxie alleged, resulted from the failure of Mr. Angelle to keep the barn in adequate repair.
Mr. Boxie’s suit against Mr. Angelle was consolidated with the suit filed by Mr. John Billiot resulting from the same.fire. These matters are also consolidated for purposes of this appeal. See Billiot v. Angelle, 16-436 (La.App. 3 Cir. 11/30/16), 209 So.3d 106, 2016 WL 6994906.
On June 15, 2015, Mr. Angelle filed a motion for summary judgment in which he asserted that the fire was caused by a heating rod that had been 'left in a bucket of oats in the “feed room.” Mr. Angelle argued that Mr. Boxie himself was in the habit of feeding his .animals oats that he cooked-in a plastic bucket by inserting a heating rod. In support of his .motion, Mr. *2 Angelle introduced the interrogatory responses of Mr. Boxie, the fire investigation report of the Lafayette Fire Department, excerpts from the deposition of Mr. Elliot Roger of the Lafayette Fire Department, Mr. Angelle’s own affidavit, and the affidavit of Mr. Dallas Antoine, who also housed a thoroughbred horse with Mr. Angelle.
The matter was not fixed for hearing until October 19, 2015; nonetheless, Mr. Boxie did not file his opposition to the motion for summary judgment until October 13, 2015—almost four months after Mr. Angelle’s motion was filed—in contravention of La.Code Civ.P. art. 966(B)(1) and Uniform Rules—District Courts, laRule 9.9, which specifies that a party opposing a motion ,or exception must serve an opposition memorandum “so that it will be received by the other parties at least eight calendar days before the hearing, unless the court sets'a shorter time.” Mr. Angelle objected to the late filing, and Mr. Boxie’s counsel was not allowed to present oral argument. Following the hearing, the trial court granted Mr. Angelle’s motion. Mr. Boxie appeals, arguing that a genuine issue of material fact exists in the pase.
ANALYSIS
Mr. Boxie argues that the trial court ‘ erred in granting summary judgment to Mr. Angelle because:
Joseph Boxie presented evidence that Dale Angelle knew of the failing condition of the barn, yet failed to make these repairs; Joseph Boxie presented evidence of what contributed to the fire; and .[t]he fireman’s investigative report indicated that the origin of the fire was undetermined. and that there were no human factors contributing to ignition.
Before we examine each of these three arguments, we will briefly discuss the nature of summary judgment and the standards ■ employed to determine whether summary judgment is warranted; for, while those standards can now be recited by most attorneys in their sleep, there does seem to be confusion in this case about what they mean.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting . documents show that there is no genuine issue - as to material fact and that the mover is entitled to judgment as a matter of law.
La.Code Civ.P. art. 966(A)(2) & (3). The mover must bear his burden on the motion, but if the burden of proof at trial rests with his opponent, “the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual |3support for one or more elements essential to the adverse party’s claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(D)(1). (Emphasis added).'
“A fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. A genuine issue is one on which reasonable minds could disagree. Id.
When faced with a properly-supported motion for summary judgment, “an ad *3 verse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” La.Code Giv.P. art. 967(B). (Emphasis added).
Finally, summary judgments, are reviewed on appeal de novo; thus, the court of appeal applies the same criteria . as the trial court, those set forth above. Smith, 639 So.2d 730.
In support of his motion, Mr. Angelle filed Mr. Boxie’s answers to interrogatories; the Lafayette Fire Department report of Mr. Elliott Roger; excerpts from Mr. Roger’s deposition testimony; the affidavit of Mr. Angelle; the affidavit of Mr. Dallas Antoine, another man who boarded horses in the barn; and the affidavit of Mr. Chad Mouton, who also boarded horses with Mr. Angelle. Mr. Boxie opposed the motion with the complete deposition of Mr. Roger.
The report and deposition of Mr. Roger establish that he was summoned to the scene of the fire as the blaze was still being fought. He arrived and spoke to Mr. Billiot, who indicated that he had arrived at the scene and noticed smoke, which he |^initially attributed to a pile of rice, chaff ■ he had noted behind the barn. However, as he got closer, Mr. Billiot realized that the barn itself was on fire. He entered the barn and saw that the last and next-to-the-last stalls were ablaze. Mr. Billiot began opening stalls to rescue the horses, but the fire was too intense and he was forced to leave.
Mr. Roger’s report states:
In further conversation with Mr. Billi-ot, he informed me that one of the other horse owner [sic] (Mr. Joseph Boxie) had a habit of cooking oats in his feed room (which was actually a stall converted into a feed and tack room) and forgetting to unplug his heating rod before leaving the barn. Mr. Billiot stated this happened on several occasions. He was certain of this due to Mr. Boxie calling him- on several occasions asking him to unplug the heating rod for him. I asked Mr.. Billiot how he would cook oats and he stated he would place oats and water in -a plastic white five' gallon container and - insert the heating rod- into the oat and water mixture.
Mr. Roger located the feed/tack room and observed the remains of a heating rod, a white plastic bucket, and oats. The electric cord of the heating rod extended toward the location of the electrical outlets.
In his deposition, Mr. Roger stated that the feed/tack room was the area Mr. Billiot observed the fire having originated. The fire’s origin in this area coincided with Mr. Roger’s observations, too. In it, he found a white plastic bucket that was melted relatively uniformly on all sides. He found the heating rod in the búcket, and it appeared to have meltecf a hole in the bottom of the bucket. He found bloated oats, indicating that they had been cooked. '
Mr, Roger, who was tendered in his deposition. as an expert in fire cause and origins, opined that the fire started when the heating rod cooked the water out of the oats and melted through the bottom of the bucket. The rod came into contact with combustible material on the floor of the stall, which ignited the blaze. The heating rod had been subjected to extremely high heat.
On cross-examination, Mr. Roger was asked about whether he observed any electrical outlets that held water, Mr. Roger indicated that • he did not. He did not |fiopine a cause of the fire in his report, as that is not his practice; his report repre *4 sents only Mr. Roger’s observations, not his-opinions. Nonetheless, Mr. Roger could not express , an opinion on the condition of the wiring of the building because the barn was so damaged.
Mr. Antoine’s affidavit indicates that he had boarded horses at a separate barn on Mr. Angelle’s property, but he used an electric walking wheel to exercise his horse on-several occasions, including the morning of the fire. This electric walking’wheel was energized from the burned barn. Mr. Antoine observed no problems with the electrical system in that barn. Everything he observed of the electrical system on the day of the fire was operating properly.
Mr. Mouton. attested in his affidavit that he had been in the barn in question on many occasions and observed no vice or defect in the electrical system of the barn. Although his own horse was destroyed in the fire, Mr. Mouton has made no claim against Mr. Angelle because he observed no vice or defect in the premises on which to base such a claim.
Mr. Angelle’s affidavit indicates that he was at the premises on the date of the fire and that he observed, no electrical issues. Just a week before the fire, Mr. Angelle had been to the barn to replace some boards in anticipation of acquiring new boarders; at that time, all electrical systems were operating normally.
Mr. Boxie maintains that he presented evidence that the barn was in failing condition and Mr. Angelle failed to make repairs. Those conditions include: boards that' heeded replacing; lights that needed replacing; ' soffits that needed replacing; boards that were treated with creosote; a breaker box that was not functioning or was “overloaded”; an outlet that had water leaking into it; and a dead horse that had been allowed to remain in the barn for four days without burial. In no way did Mr. Boxie demonstrate factual support for the proposition that any of these conditions, or a combination of them, led to the fire.
lfíThe proof of the cause of the "fire is a matter on which Mr. Boxie would bear the burden of proof at trial. Simply stating that certain conditions were present at the barn does not satisfy La.Code Civ.P. art. 966(D)(1); when a defendant such as Mr. Angelle presents evidence of the cause of a fire, and that evidence is properly supported, -it is incumbent upon the plaintiff, such as Mr, Boxie, to produce specific factual support that there exists a genuine issue of material fact. .
For example, in Nugent v. J & A Auto Supply, Inc., 11-693 (La.App. 3 Cir. 11/2/11), 76 So.3d 650, writ denied, 11-2650 (La. 2/10/12), 80 So.3d 481, we held that the plaintiff did produce facts sufficient to demonstrate a genuine issue' of material fact regarding the' cause of an electrical fire when he produced proof that the building’s owner had installed improper-gauge wife in the building, which even the building owner testified may have caused the fire. Similarly, the evidence of dueling expert testimony raised-a genuine issue of material fact and precluded a motion for summary judgment in Shelter Ins. Co. v. Broan-Nutone, LLC, 39,625 (La.App. 2 Cir. 5/11/05), 902 So.2d 1146, writ denied, 05-1483 (La. 12/16/05), 917 So.2d 1112. Mr. Boxie has produced no evidence demonstrating that something other than the heating rod caused the fire, or that the heating rod was in Mr. Angelle’s control. Mr. Angelle has produced evidénce that the heating rod caused the fire; thus, the burden shifted to Mr. Boxie to produce evidence either that it did not or that something else did. Conjecture and conclu-sory statements are not evidence. See Scott v. City of Shreveport, 15-1438 (La. 10/9/15), 186 So.3d 1149 (Crichton, Justice, concurring).
*5 Similarly, we find the lack of an opinion in Mr, Roger’s report to be of no moment. It is common, in the court’s experience, for experts to omit opinions in reports that they freely express in testimony. The court is precluded from engaging in credibility determinations on summary judgment; however, because we find no inconsistency between Mr. Roger’s report and his testimony, there is no genuine issue 17of material fact. See Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La. 2/29/00), 755 So.2d 226.
CONCLUSION
We affirm the summary judgment granted to Mr. Dale Angelle. He demonstrated in his motion that th'e cause of the fire that engulfed his barn was a heating rod that was not in his control. Mr. Joseph Boxie failed to produce evidence demonstrating that there was another cause or that Mr. Angelle controlled the heating rod. All costs of this appeal are taxed to plaintiff/appellant, Joseph Boxie.
AFFIRMED.