496 So.2d 1074 (1986)
Katherine O'DELL
v.
Marilyn DEICH, Dale Waguespack, Robert Williams, Robert Sylvester, and Texaco Inc.
No. CA-5030.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1075 Bruce C. Waltzer, Fine, Waltzer & Bagneris, New Orleans, for plaintiff-appellant.
Edward F. Kohnke, IV, Walter F. Marcus, III, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, John D. Fitzmorris, Jr., New Orleans, for defendants-appellees.
Before GARRISON, CIACCIO and LOBRANO, JJ.
GARRISON, Judge.
The plaintiff, Katherine O'Dell, a former employee of Texaco, Inc., filed a defamation action against her employer, Texaco, and the following four Texaco employees: Marilyn Deich, assistant coordinator of special health services for the health division; Dale Waguespack, personnel manager; Robert Williams, the plaintiff's project leader; and Robert Sylvester. In her petition, the plaintiff alleged that the defendants, while acting within the course and scope of their employment and in the presence and hearing of others, spoke and published defamatory words about the plaintiff. Plaintiff alleges that these defendants defamed her in stating and publishing that plaintiff was an alcoholic and that she drank excessively on and off the job to the detriment of herself, her family and friends, and her employer, Texaco. Plaintiff was employed as a draftsman for Texaco and she alleges that as a result of the publication of these false and defamatory statements, she was discharged from her employment with Texaco and, since *1076 that time, has been unable to obtain employment equal to that job. In her suit, plaintiff asks for lost wages (past, present and future) of $100,000.00 and for damages for suffering and humiliation of $1,000,000.00. Plaintiff later amended her petition to include a cause of action for medical malpractice against defendant Deich.
Prior to trial, the defendants filed a motion for partial summary judgment in connection with O'Dell's claim for defamation based upon the defense of qualified or conditional privilege.[1] On June 26, 1985, the trial judge granted the motion and dismissed the proceedings. Plaintiff now appeals the granting of the defendants' motion for partial summary judgment.
On appeal, the plaintiff contends that the granting of the partial summary judgment in this case was improper because there remained genuine issues of material fact. Additionally, plaintiff argues that the defendants failed to meet the burden of proof necessary to establish the defense of qualified privilege.
Article 966 of the Louisiana Code of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The essential elements of a defamation action are: (1) defamatory words; (2) publication or communication to some person other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980). However, a person may enjoy a qualified or conditional privilege in making a statement, if it is made (1) in good faith, (2) on a subject in which the person communicating has an interest or owes a duty, and (3) to a person having a corresponding interest or duty. Alford v. Georgia-Pacific Corp., 331 So.2d 558 (La. App. 1st Cir.), writ denied, 334 So.2d 427 (La.1976).
In this case, the plaintiff was experiencing job performance problems and was referred by her supervisor to defendant Marilyn Deich, the assistant coordinator of special health services for the health division of Texaco. Deich was certified through the Louisiana Association of Substance Abuse Counselors and Trainers and has been qualified in federal court as an expert in substance abuse. After two meetings at which plaintiff was given two chemical dependency tests and was interviewed by Deich, Deich recommended that the plaintiff enroll in an alcoholism rehabilitation program which Texaco agreed to furnish free of charge. The plaintiff refused to enroll in this program and was subsequently discharged by Texaco.
The basis for plaintiff's defamation claim is that Deich allegedly communicated her diagnosis of the plaintiff to other Texaco employees. In determining whether the defendants can enjoy the qualified privilege discussed above, we must first address the issue of good faith.
The test for whether a communication is made in good faith was set forth in Cormier v. Blake, 198 So.2d 139 (La.App.3rd Cir. 1967):
"[good faith] means that the person making the statement must have reasonable grounds for believing that it is true and he must honestly believe that it is a correct statement."
Plaintiff claims that the communication to other Texaco employees by Deich was malicious in light of the fact that Deich refused plaintiff's request to discuss this situation with plaintiff's psychiatrist. According to plaintiff, this psychiatrist would have stated that plaintiff was not an alcoholic, in contradiction of Deich. Plaintiff claims that these allegations negate the good faith of defendant Deich.
*1077 The fact that Deich did not consult with plaintiff's psychiatrist is undisputed. However, Deich's failure to consult with this psychiatrist does not make her statements to the other Texaco employees malicious. Nothing alleged by plaintiff has negated the fact that Deich believed the statements she made about plaintiff to be true.
The following material facts were not at issue: (1) that Deich is a qualified substance abuse counselor, (2) that she administered to plaintiff two well-recognized tests for alcoholism, and (3) that those tests were positive. Therefore, because the pleadings and affidavits indicate that Deich acted responsibly and professionally, that she had reasonable grounds for believing that plaintiff had a drinking problem, and that she honestly believed that her statements were correct, the good faith requirement in this case has been met.
The second element needed to establish the defense of qualified privilege is that the communication must be on a subject in which the person communicating has an interest or owes a duty. Clearly, Ms. Deich owed a duty and had an interest in communicating this information. As coordinator of the special health services program, Deich had a duty to her employer, Texaco, to report to certain other Texaco employees that an evaluation of the plaintiff indicated that she had a serious drinking problem. None of the arguments made by plaintiff in her brief or in the pleadings and affidavits negate the fact that Deich was acting within her job responsibilities in communicating plaintiff's diagnosis as an alcoholic to certain Texaco employees. Plaintiff's allegation that other employees were of the opinion that plaintiff was not an alcoholic is totally irrelevant. For these reasons, the second element in establishing the defense of qualified privilege has been satisfied.
The third and final element in establishing the defense of qualified privilege is that the communication must have been made to a person having a corresponding interest or duty. The pleadings indicate that the Texaco employees to whom Deich communicated information about plaintiff's drinking problem were all Texaco supervisors who needed to know of Deich's recommendation so that they could make a decision about the plaintiff. Plaintiff alleges that Deich also communicated this information to other Texaco employees who had no interest or duty. According to plaintiff, these employees included Lamar Edwards, Kathy Hebert, Bascilla Fisher Oser, Ron Cupich, and Roberta Wilson. However, in affidavits filed on behalf of defendant Deich, she swore that she did not discuss plaintiff's condition with Edwards and that she has never met the other four employees. Plaintiff claims that she filed an affidavit raising the issue that others beyond those named by Deich knew that plaintiff had been fired because of her refusal to enter an alcoholism rehabilitation program. However, in this ex parte affidavit filed by plaintiff, the references to other employee's knowledge of plaintiff's situation consist of pure hearsay and speculation and are not based upon the plaintiff's personal knowledge. This does not comply with LSA-C.C.P. art. 967 which states, in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *1078 shall be rendered against him...."
Therefore, on the basis of the pleadings and affidavits, this third element in establishing the defense of qualified privilege has been satisfied.
For the above reasons, we find that the pleadings, deposition and affidavits in this case show that there is no genuine issue of material fact and that the trial judge correctly granted defendants' motion for partial summary judgment.
AFFIRMED.
NOTES
[1] Plaintiff's action against defendant Deich for medical malpractice was not included in defendants' motion for summary judgment.