630 So.2d 914 (1993)
Kennith W. ROBERTS
v.
The ORPHEUM CORPORATION, et al.
No. 93-CA-1224.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
*915 Frank B. Hayne, William T. Abbott, New Orleans, for plaintiff/appellant.
Regel L. Bisso, New Orleans, for defendant/appellee.
Before BARRY and KLEES, JJ., and JAMES C. GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Plaintiff appeals the summary judgment dismissal of his tort action against defendant, the Orpheum Corporation. We reverse.
Kennith Roberts alleges that he was injured on August 23, 1989 while working at the Orpheum Theater in New Orleans. When he attempted to enter a first floor elevator, the elevator was not at the landing, and plaintiff fell to the bottom of the elevator shaft, sustaining serious injury.
The Orpheum Corporation was sued (among others) as owner of the premises. On June 24, 1991, summary judgment was granted in favor of, inter alia, the Orpheum Corporation. In an earlier appeal of that judgment before this Court, we reversed the judgment as to the Orpheum Corporation and remanded the matter for further proceedings. See Roberts v. The Orpheum Corp., 610 So.2d 1097 (La.App. 4th Cir.1992), writ den. 616 So.2d 682 (La.1993).
In that earlier appeal, this Court found that a lease agreement between the Orpheum Corporation as lessor and the New Orleans Philharmonic Symphony Society as lessee evidenced the Symphony's assumption of responsibility for the condition of the premises under LSA-R.S. 9:3221.[1] However, we held that the owner, Orpheum Corporation, failed to exonerate itself from liability under Section 3221 because it failed to establish that it did not know or should not have known of the existence of the defect.
Following the remand to the trial court, defendant filed a second motion for summary judgment, together with a supporting affidavit of corporate counsel for defendant, in an effort to satisfy summary judgment requirements. The affiant stated, in pertinent part:

*916 That the Orpheum Corporation denies any defect exists in the elevator or any portion of the leased premises, but in any event, the Orpheum Corporation, as owner, neither knew, knows or should have known of any defect causing alleged injuries to Kenneth [sic] W. Roberts, nor had the Orpheum Corporation received any notice of any defect and failed to remedy it within a reasonable time.
Defendant's second motion for summary judgment was granted, and plaintiff's claim was dismissed. This appeal followed.
Plaintiff argues that summary judgment was improper because of the insufficiency of mover's supporting affidavit. We agree.
It is only where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show there exists no genuine issue of material fact, and the mover is entitled to a judgment as a matter of law, that summary judgment is proper. LSA-C.C.P. art. 966; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); South Central Bell Telephone Co. v. Rouse Company of Louisiana, 590 So.2d 801, 803 (La.App. 4th Cir.1991). The party moving for summary judgment has the burden of proving that no material factual issue exists. Schroeder v. Board of Supervisors of Louisiana State University, supra; South Central Bell Telephone Co. v. Rouse Company of Louisiana, supra.
Defendant's supporting affidavit is insufficient on several grounds. In an attempt to satisfy the requirements under LSA-R.S. 9:3221, the affidavit sets forth the conclusory statement that mover neither "knew, knows or should have known of any defect ...." The affidavit does not set forth any facts to establish the basis of affiant's knowledge. The conclusory facts and conclusions of law contained in the supporting affidavit cannot be considered in a motion for summary judgment. Thompson v. South Central Bell Telephone Co., 411 So.2d 26, 28 (La.1982); Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4th Cir.1991).
Further, affiant does not state in the affidavit the basis for imputing to the corporation lack of knowledge of the defect. The affidavit fails to state how or under what circumstances the attorney acquired knowledge of the corporation's lack of knowledge. In summary judgment, supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence. LSA-C.C.P. art. 967. An affidavit which references another's knowledge consists of pure hearsay and speculation and does not comply with Article 967. See O'Dell v. Deich, 496 So.2d 1074, 1077 (La.App. 4th Cir.1986). Moreover, summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Neuberger, Coerver & Goins v. Times Picayune Publishing Co., 597 So.2d 1179, 1184 (La.App. 1st Cir.1992).
The record before this Court does not contain any other supporting documents to show that defendant either did not know or should not have known of the alleged defect so as to satisfy the requirements for exoneration of liability by the lessor under LSA-R.S. 9:3221. See Mendoza v. Seidenbach, 598 So.2d 404 (La.App. 4th Cir.1992), writs den. 605 So.2d 1124 and 1126 (La.1992). Defendant simply failed to show it is entitled to summary judgment.
Accordingly, we reverse the judgment of the trial court and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 9:3221 reads:

The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.