945 So.2d 262 (2006)
Michael JONES, Plaintiff-Respondent,
v.
Joseph FOSTER, et al., Defendants-Applicants.
No. 41,619-CW.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*263 Mayer, Smith & Roberts, L.L.P. by Deborah Shea Baukman, Shreveport, for Applicants Nelson Tree Service, Inc. and Liberty Mutual Ins.
Nelson, Zentner, Sartor & Snellings by Thomas G. Zentner, Jr., Monroe, for Intervenors Ouachita Parish Sheriff's Office and Clarendon National Ins.
Neal G. Johnson, Monroe, for Respondent.
Before STEWART, DREW and MOORE, JJ.
MOORE, J.
Nelson Tree Service and its commercial general liability insurer, Liberty Mutual Insurance Company (collectively referred to as "Nelson Tree Service" herein), seek supervisory review of the denial of their motion for summary judgment. We now grant the writ and the motion for summary judgment, and remand for further proceedings.

Factual and Procedural Background
The accident occurred at 5:30 pm on Saturday, May 22, 2004. The plaintiff, Michael Jones, was driving his Ouachita Parish Sheriff's cruiser, a 2002 Crown Victoria, south on Old Hwy. 15 in the Claiborne area of West Ouachita Parish. As he neared the "T" intersection with Hillside Park North, a Honda ATV 4-wheeler barreled through the stop sign at a high rate of speed, made a wide right turn and ran into the front bumper of Jones's Crown Victoria. The Crown Victoria was totaled and Jones was injured.
The driver of the 4-wheeler, Joseph Foster, admitted to state police that he *264 was drunk and had two prior DWIs. He also disclosed that the 4-wheeler belonged to his employer, Nelson Tree Service.
Jones filed this suit in May 2005 against Foster, Nelson Tree Service and Liberty Mutual, seeking general damages, medical expenses and lost wages and earning capacity. The Ouachita Parish Sheriff's Office (OPSO) and its insurer intervened, seeking property damage for the loss of the Crown Victoria. Foster, who never returned to work after the accident and left no forwarding address, was never served.
Nelson Tree Service filed a motion for summary judgment, urging in essence that Foster was not in the course and scope of his employment at the time of the accident and had no authority to drive the 4-wheeler. In support, they attached the affidavit of Randall K. Gray, Nelson Tree Service's regional manager. Gray stated that Foster was indeed an employee, and his foreman was a relative of Foster's, Fred Brown; the 4-wheeler had been issued to Brown for business purposes only; at the time of the accident, Foster was neither on assignment nor on call, but attending a family cookout at Brown's house; and Foster's use of the 4-wheeler was a violation of company policy.
The Ouachita Parish Sheriff's Office and its insurer opposed the summary judgment, urging that contrary to La. C.C.P. art. 967, Gray did not have personal knowledge of many of the facts stated in his affidavit. In support, they offered Gray's deposition, in which he admitted that he works out of the regional office in Hammond, Louisiana, was not present at the scene of the accident, and got most of his information about the incident from Fred Brown, notably that Brown did not authorize Foster to use the 4-wheeler. (He was certain, however, that Nelson Tree Service was not working on weekends.) OPSO urged that because Gray lacked firsthand knowledge, his affidavit did not establish anything. Dominio v. Folger Coffee Co., XXXX-XXXX (La.App. 4 Cir. 2/15/06), 926 So.2d 16; Roberts v. Orpheum Corp., 93-1224 (La.App. 4 Cir. 12/30/93), 630 So.2d 914.
Later, Jones also opposed the summary judgment, largely adopting OPSO's argument. He also contended that Liberty Mutual's policy covered Foster's acts under the "mobile equipment" definition.
Nelson Tree Service argued that both by affidavit and deposition, Gray testified that the company was not working on weekends, so it was not possible for Foster to be in the course and scope of his employment on a Saturday afternoon. Similarly, not even the foreman, Brown, had authority to use the 4-wheeler on the weekend, so he obviously could not authorize Foster to use it then. Nelson Tree Service contended that neither the plaintiff nor the intervenors had tendered any evidence to create a genuine issue of material fact.
The district court denied the motion for summary judgment in a written ruling that noted, "genuine issues of material fact remain at this time in that the ingredient of `personal knowledge' required under La. C.C.P. art. 967 appears to be wanting at this time."
Nelson Tree Service applied for supervisory review, which this court referred to the docket.

General Principles
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Foley v. Sportran, 40,624 (La.App. 2 Cir. 5/17/06), 930 So.2d 368. Summary judgment procedure is designed to secure the just, speedy and inexpensive *265 determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Racine v. Moon's Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. The motion should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La. C.C.P. art. 967 A. Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Wells v. Red River Parish Police Jury, 39,445 (La.App. 2 Cir. 3/2/05), 895 So.2d 676, writ not cons., XXXX-XXXX (La.5/13/05), 903 So.2d 438.
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Foley v. Sportran, supra. If the plaintiff then fails to produce such evidence, then summary judgment is proper. King v. Phelps Dunbar LLP, 98-1805 (La.6/4/99), 743 So.2d 181.
Appellate review of the grant or denial of a summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002; Row v. Pierremont Plaza LLC, 35,796 (La.App. 2 Cir. 4/3/02), 814 So.2d 124, writ denied, XXXX-XXXX (La.8/30/02), 823 So.2d 952.

Discussion: Sufficiency of Affidavit
By its first assignment of error, Nelson Tree Service urges that there was no evidence that Foster was in the course and scope of his employment at the time of the accident. It does not specifically address the issue cited by the district court, i.e., the lack of personal knowledge in Gray's affidavit, but asserts, "Gray personally knows that Nelson Tree Service performed no work on weekends." Further, there was no evidence that Foster was using the 4-wheeler to benefit Nelson Tree Service, or was under the latter's control or motivated by its concerns at the time of the accident. In the absence of any evidence to support a finding of respondeat superior, La. C.C. art. 2320, Ermert v. Hartford Ins. Co., 589 So.2d 2 (La.1991), Nelson Tree Service contends it was entitled to summary judgment.
Jones reiterates that Gray lacked personal knowledge of the facts surrounding the accident. In deposition, Gray admitted he learned from Fred Brown that Foster was riding the 4-wheeler off company time, and had no personal knowledge that Foster had ever received a copy of the employee handbook outlining company policy for work vehicles. Jones submits that Gray's secondhand knowledge does not satisfy Art. 967, and leaves open the genuine issue of whether Foster really was serving his employer's interests at the time of the accident. Roberts v. Orpheum Corp., supra.
Affidavits to support or oppose a motion for summary judgment must be *266 based on personal knowledge in accordance with La. C.C.P. art. 967 A. On de novo review we find that portions of Gray's affidavit were not based on personal knowledge, but rather on what he heard from Brown, the local foreman. However, other significant portions were clearly within his personal knowledge and included facts about which he was competent to testify. The district court erred in not considering those latter portions. Panameno v. Louisiana Riverboat Gaming Partnership, 36,172 (La.App. 2 Cir. 10/23/02), 830 So.2d 489. As the regional manager, Gray had personal knowledge that employees would not be working on Saturday. There is nothing in either the affidavit or deposition that would undermine his direct, personal knowledge of this major term of employment.
The competent portions of Gray's affidavit and deposition show the lack of evidence necessary to support an essential element of Jones's case. Ermert v. Hartford Ins. Co., supra. The burden therefore shifted to Jones and the intervenors to produce some evidence in support of their claim; they failed to do so. For this reason, the district court should have granted summary judgment in favor of Nelson Tree Service.

Permissive Use
By its second and third assignments of error, Nelson Tree Service urges that there was no evidence to trigger insurance coverage under the omnibus clause. La. R.S. 32:900 B(2). The party claiming coverage has the burden of proving express or implied permission to use the vehicle. Perkins v. McDow, 92-2192 (La.2/22/93), 615 So.2d 312; Wade v. Autoland Inc., 32,903 (La.App. 2 Cir. 5/26/00), 767 So.2d 766, writ denied, 2000-2180 (La.10/13/00), 771 So.2d 651. Specifically, Nelson Tree Service urges, Gray's deposition establishes that Foster had no permission whatsoever to use the company 4-wheeler.
Jones contends that in the context of an omnibus clause, "permission" must be given a wide and liberal meaning in determining coverage. Norton v. Lewis, 92-2178 (La.9/3/93), 623 So.2d 874; Arceneaux v. Norman, 05-1536 (La.App. 3 Cir. 5/24/06), 931 So.2d 484, writ denied, XXXX-XXXX (La.10/6/06), 938 So.2d 76. According to Jones, Nelson Tree Service "never disputed that Mr. Foster had the initial permission" to operate the 4-wheeler, but only contended that he violated the scope of his permission by using it off hours. Jones submits that this leaves open the genuine issue of permissive use.
Nelson Tree Service correctly argues that the plaintiff has the burden of proving express or implied permission of the insured in order to obtain coverage under the omnibus clause. Manzella v. Doe, 94-2854 (La.12/8/95), 664 So.2d 398. The fact of initial permission must be proved as any other fact by a preponderance of the evidence without the aid of any presumptions. Norton v. Lewis, supra. Gray's deposition established that Nelson Tree Service entrusted the 4-wheeler to Brown solely for work authorized by management specifically for customers, no such work was performed on weekends, and Brown's use of the vehicle was limited to business purposes. In short, there was no initial permission for Brown to use the 4-wheeler at this time. Campbell v. Verrett, 02-0695 (La.App. 3 Cir. 10/30/02), 829 So.2d 1141, writ denied, 2002-2911 (La.2/14/03), 836 So.2d 116.
With this showing, the burden shifted to Jones and the intervenors to offer evidence of Foster's permissive use of the vehicle; nothing was offered to this effect. Admittedly, the summary judgment evidence is not quite as strong as it was in Campbell v. Verrett, supra. In that case, *267 the driver admitted in deposition that he lacked permission to borrow the truck to attend a party; in the instant case, Foster did not testify, as he was never located. Nonetheless, the absence of evidence will not defeat Nelson Tree Service's well-supported motion. The district court should have granted summary judgment.

Conclusion
For the reasons expressed, we grant the writ and make it peremptory; grant summary judgment in favor of the applicants, Nelson Tree Service and Liberty Mutual Insurance Company; and remand the case for further proceedings. Costs are to be paid by the respondent, Michael Jones.
WRIT GRANTED; SUMMARY JUDGMENT GRANTED; CASE REMANDED.