972 So.2d 1221 (2007)
Latosha K. CHISLEY, Plaintiff-Appellee
v.
Antoney D. COLEMAN and USAgencies Casualty Insurance Company, Defendant-Appellant.
Shantae Chisley, Plaintiff-Appellee
v.
Antoney D. Coleman and USAgencies Casualty Insurance Company, Defendant-Appellant.
Nos. 42,750-CA, 42,751-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*1222 Mark J. Neal, Monroe, for Appellant, USAgencies Casualty Insurance Company.
James R. Pierre, Monroe, for Appellees.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
In these consolidated cases, plaintiffs, LaTosha Chisley and Shantae Chisely, filed lawsuits against defendants, Antoney D. Coleman ("Coleman") and USAgencies Insurance Company ("USAgencies"), seeking damages for injuries they sustained in an automobile accident. Following a bench trial, the trial court entered judgment in favor of plaintiffs and awarded damages. For the reasons set forth herein, we reverse the trial court's judgment and render judgment in favor of defendant, USAgencies, dismissing plaintiffs' demands.

FACTS
This suit arises out of an automobile accident that occurred on September 20, 2005 on Winnsboro Road in Monroe, Louisiana. Plaintiffs filed separate lawsuits, naming Coleman and USAgencies as defendants, alleging that the vehicle driven by LaTosha Chisley ("LaTosha") collided with a vehicle driven by Coleman. Shantae Chisley ("Shantae") was riding as a passenger in LaTosha's vehicle. Plaintiffs further alleged that the vehicle driven by Coleman was owned by Shon J. Mckoin and insured by USAgencies.[1] Plaintiffs asserted that the accident was caused solely by Coleman's negligence, and Coleman and USAgencies were liable in solido for plaintiffs' damages and losses. However, in the prayers of the petitions, plaintiffs stated, "Wherefore, petitioner prays . . . there be judgment against SHON J. MCKOIN AND USAGENCIES . . . in solido. . . ."
USAgencies filed a dilatory exception of vagueness or ambiguity of the petition, arguing, inter alia, that its insured, Shon J. Mckoin, was not named as a defendant *1223 in the action. Plaintiffs filed amended petitions, amending the prayers to state, "Wherefore, petitioner prays . . . there be judgment against ANTONEY D. COLEMAN AND USAGENCIES . . . in solider. . . ." Thereafter, USAgencies answered the petitions, admitting that it "provided a liability insurance policy in favor of Shon J. McKoin" and denying liability. The matters were later consolidated for trial,
Neither Coleman nor Mckoin was ever served or cited to appear. They were not subpoenaed for trial and did not appear.
A bench trial was held on March 20, 2007. Plaintiffs conceded that Coleman and Mckoin had not been served or cited and elected to proceed to trial against USAgencies under the direct action statute. During the trial, plaintiffs offered the testimony of Corporal Robert Crowder of the Monroe Police Department, Dr. Gary Mayfield, LaTosha and Shantae. Plaintiffs also introduced into evidence a certified copy of the USAgencies policy issued to Mckoin, insuring two vehicles, and plaintiffs' medical records. At the conclusion of the trial, the trial court found Coleman at fault for causing the accident. The court awarded LaTosha $8,500 in general damages, $2,958.49 in medicals and $750 in expert witness fees. With regard to Shantae, the trial court awarded $8,500 in general damages, $2,554 in medicals and $750 in expert witness fees.

DISCUSSION
It is well settled that the burden is on the plaintiff to make a prima facie showing that one is an insured under an insurance policy. Turner v. Ewing, 255 La. 659, 232 So.2d 468 (La.1970); Alexander v. Cornett, 42,147 (La.App.2d Cir.7/11/07), 961 So.2d 622; C.L. Morris, Inc. v. Southern American Ins. Co., 550 So.2d 828 (La. App. 2d Cir.1989). While a plaintiff may proceed to trial against an insurer without the insured, the direct action statute does not create an independent cause of action against an insurer, but merely grants a procedural right of action against an insurer when the plaintiff establishes a substantive cause of action against an insured. Descant v. Administrators of Tulane Educational Fund, 93-3098 (La.7/5/94), 639 So.2d 246. In addition to having the burden of proving negligence on the part of the tortfeasor, a plaintiff suing under the direct action statute must prove the existence of the policy and coverage under that policy. Tunstall v. Stierwald, XXXX-XXXX (La.2/26/02), 809 So.2d 916.
The party claiming coverage has the burden of proving express or implied permission to use the vehicle. Perkins v. McDow, 615 So.2d 312 (La.1993); Jones v. Foster, 41,619 (La.App.2d Cir.12/13/06), 945 So.2d 262; Wade v. Autoland Inc., 32,903 (La.App.2d Cir.5/26/00), 767 So.2d 766, writ denied, 2000-2180 (La.10/13/00), 771 So.2d 651. The plaintiff must prove express or implied permission of the insured in order to obtain coverage under the omnibus clause. Manzella v. Doe, 94-2854 (La.12/8/95), 664 So.2d 398; Jones, supra.
In the instant case, the trial testimony established that plaintiffs were involved in an automobile accident on September 20, 2005. The testimony also established that plaintiffs sustained injuries for which they underwent chiropractic treatment.
Corporal Robert Crowder of the Monroe Police Department testified that he investigated an accident on Winnsboro Road on September 20, 2005. He stated that he prepared an accident report in connection *1224 with the accident and had reviewed the report in preparation for his testimony. Cpl. Crowder testified that after investigating the accident, he issued a traffic citation to the driver of "vehicle # 1" for improper turn. He also testified that La-Tosha Coleman was listed as the driver of "vehicle # 2" and Shantae. Coleman was listed as the passenger. However, the officer did not name the driver of "vehicle # 1" and did not describe the make, model and year of that vehicle.[2]
Dr. Gary Mayfield, the chiropractor who treated both plaintiffs, testified with regard to plaintiffs' injuries and subsequent treatment. According to Dr. Mayfield's testimony and medical reports, plaintiffs' injuries were associated with the instant accident.
Both plaintiffs also testified at trial. LaTosha testified that on the day of the accident, she was driving east on Winnsboro Road when a vehicle traveling, west made a left turn in front of her, causing a collision. Shantae's testimony corroborated LaTosha's testimony. However, although plaintiffs described the vehicle driven by LaTosha as a "white Taurus," neither plaintiff identified the driver of the other vehicle, and no description of the other vehicle was offered.
The USAgencies application for insurance admitted into evidence listed Shon J. Mckoin as the "owner/applicant." The USAgencies insurance policy listed Mckoin as the named insured and provided insurance coverage for two vehicles: a 1994 Oldsmobile Achieva and a 1997 Chevrolet Lumina.
After reviewing the record, we find that plaintiffs failed to prove that USAgencies provided insurance coverage with regard to this accident. It is clear from the record that plaintiffs were involved in an automobile accident with another vehicle on September 20, 2005 and suffered injuries and underwent treatment as a result of that accident. The record also established that USAgencies had issued a policy to Mckoin, insuring two automobiles. However, there was nothing in the record to establish Coleman as the driver of the vehicle that struck plaintiffs' vehicle. Likewise, there is nothing in the testimony or record to establish that the offending vehicle was owned by Mckoin and insured by USAgencies. Moreover, Coleman was not a named insured under the USAgencies policy, and plaintiffs did not allege or prove that Coleman was a resident of Mckoin's household or that he was driving Mckoin's vehicle with Mckoin's express or implied permission. Accordingly, the judgment in favor of plaintiffs is hereby reversed, and we render judgment in favor of defendant, USAgencies, dismissing plaintiffs' claims.[3]

CONCLUSION
For the foregoing reasons, we reverse the trial court's judgment in favor of plaintiffs and render judgment in favor of defendant, USAgencies, dismissing plaintiffs' demands. Costs are assessed to plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] In their petitions for damages, plaintiffs alleged:

* * *
5.
The petitioner alleges on information and belief, that at the time of the collision described above, the vehicle driven by ANTONEY D. COLEMAN and owned by SHON J. MCKOIN was covered by an automobile liability insurance policy, which had been sold and delivered by U.S. Agencies Casualty Insurance Company, which policy was then in full force and effect by virtue of the payment of premiums in coverage.
6.
The petitioner further alleges on information and belief that under the terms of said policy, U.S. Agencies Casualty Insurance Company obligated itself to pay any and all damages caused to others as a result of the negligence of ANTONEY D. COLEMAN herein described as the vehicle being driven by ANTONEY D. COLEMAN and owned by SHON J. MCKOIN, described above, was covered by said policy as the time of said collision.
* * *
[2] The diagram that Cpl. Crowder made depicting the location of the vehicles during the accident was introduced into evidence; however, the police report was not introduced into evidence. The drivers of the vehicles were not named in the diagram, and the diagram did not contain a description of the vehicles involved.
[3] Due to our ruling herein, we pretermit consideration of. USAgencies' argument with regard to damages in excess of the policy limits.