524 So.2d 206 (1988)
Cheryl BUTLER
v.
The FOLGER COFFEE COMPANY et al. Louis BUTLER
v.
The FOLGER COFFEE COMPANY et al.
Nos. CA-8839, CA-8840.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Matthew B. Collins, Jr., Schafer & Schafer, New Orleans, for plaintiffs-appellants.
Dominic J. Gianna, Middleberg, Riddle & Gianna, Metairie, for defendant-appellee.
Before SCHOTT, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiffs Cheryl and Louis Butler from a decision of the trial court granting summary judgment in favor of defendants, The Folger Coffee Company ["Folger"] and two of its employees, W.R. Cloys and Don Fogg.
Plaintiff Cheryl Butler was employed by Folger until her discharge in May, 1984. Thereafter, plaintiff applied for a job with the federal government. In response to a request about previous employment, plaintiff told the U.S. Office of Personnel Management that she was fired from Folger for taking too much sick leave while pregnant.
When contacted by the Office of Personnel Management, defendant Cloys, personnel manager at Folger, stated that plaintiff had an ongoing problem with attendance and that her overall job performance was poor. Cheryl Butler sued defendants, alleging that they made untrue statements in bad faith to her prospective employer and, as a result, she was unable to get a job for six months and then, at a reduced salary.[1] She claimed *207 that she also suffered mental anguish and humiliation. Her husband, Louis Butler, filed a separate petition for damages (consolidated with his wife's petition) alleging loss of consortium as a result of defendants' actions. Defendants filed a motion for summary judgment which was granted. It is from this ruling that plaintiffs now appeal.
Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits clearly show that there is no genuine issue of material fact and the mover is entitled to its judgment as a matter of law. La.C.Civ. Proc. art. 966(B).
In her petition, plaintiff also alleges that she was defamed by defendants' having made untrue statements about her to other Folger employees. In brief to this court, defendants state that plaintiff Cheryl Butler abandoned this allegation in her deposition. The deposition is not in the record. Nevertheless, plaintiffs state in brief that the statements in question were made to the prospective employer and do not put in issue any statements made to co-employees. We, therefore, will consider that claim as abandoned.
The affidavits sworn to by defendants Cloys and Fogg state that the statements made by them to Cheryl Butler's prospective employer were true and without intent to harm her. The affidavits clearly fulfill the good faith requirement, i.e. the person making the statement must have reasonable grounds for believing that he has made a true statement. See Cormier v. Blake, 198 So.2d 139 (La.App.3d Cir. 1967). The only opposition to these affidavits is Mrs. Butler's affidavit in which she states that defendants intended to hurt her because she did not "fit in". As in O'Dell v. Deich, this affidavit is based on hearsay and speculation. It does not meet the requirements of Article 967 of the Louisiana Code of Civil Procedure which states that affidavits set forth facts that would be admissible in evidence.
Based upon the affidavits and the other pertinent pleadings, we find that the trial court correctly granted defendants' motion for summary judgment. The judgment of the district court is affirmed, all costs to be borne by appellant.
AFFIRMED.
NOTES
[1] A plaintiff in a defamation action must prove the following essential elements: (1) defamatory words; (2) publication or communication; (3)falsity; (4) malice; and (5) injury. O'Dell v. Deich, 496 So.2d 1074 (La.App. 4th Cir.1986), citing Cangelosi v. Schwegmann Bros. Giant Supermarkets, 390 So.2d 196 (La.1980). Communications between a previous employer and a prospective employer, however, enjoy a qualified or conditional privilege. Such a communication is not actionable when made in good faith. Alford v. Georgia-Pacific Corp., 331 So.2d 558, 561 (La.App. 1st Cir.1976), writ denied 334 So.2d 427.