579 So.2d 491 (1991)
Dr. Linda MILLER-DOUGLAS
v.
Ramona Baudy KELLER, Keith Van Meter, M.D., et al.
No. 90-CA-1692.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
Writ Denied June 21, 1991.
*492 Joseph W. Thomas, New Orleans, for plaintiff/appellant.
C.A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendants/appellees.
Before GARRISON, ARMSTRONG and PLOTKIN, JJ.
GARRISON, Judge.
Plaintiff, Dr. Linda Miller-Douglas, filed a defamation action against her former employer, Keith Van Meter, M.D. and Associates, Inc., United Medical Center of New Orleans, and Ramona Baudy Keller,[1] the administrator of United Medical Center. Subsequently, plaintiff voluntarily dismissed her action against Keith Van Meter, M.D. and Associates, Inc.
In 1987, plaintiff was employed as an emergency room physician at United Medical Center which had contracted with the Van Meter Group to provide emergency room services for the hospital. In plaintiff's petition, she alleges that Keller, in her capacity as hospital administrator, maliciously defamed plaintiff by fabricating complaints allegedly made about her and reporting these to plaintiff's supervisors. A meeting of hospital officials was held to discuss the complaints against the plaintiff and, as a result, the plaintiff was temporarily relieved of her duties at the hospital. She was allowed to resume her duties two weeks later with a reduced schedule.
Prior to trial, Keller and United Medical Center filed a motion for summary judgment arguing that there is no genuine issue of material fact in this case and that they are entitled to summary judgment as a matter of law because a qualified privilege protects them from plaintiff's defamation action. The trial judge granted the summary judgment in favor of Keller and United Medical Center and against the plaintiff, dismissing plaintiff's suit with prejudice. The plaintiff now appeals the trial court judgment.
On appeal, the appellant argues that the trial court erred in granting appellees' motion for summary judgment which was based on the ground that Keller's actions were protected from a defamation suit by a qualified privilege. In O'Dell v. Deich, 496 *493 So.2d 1074 (La.App. 4th Cir.1986), this court stated as follows:
The essential elements of a defamation action are: (1) defamatory words; (2) publication or communication to some person other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980). However a person may enjoy a qualified or conditional privilege in making a statement, if it is made (1) in good faith, (2) on a subject in which the person communicating has an interest or owes a duty, and (3) to a person having a corresponding interest or duty. Alford v. Georgia-Pacific Corp., 331 So.2d 558 (La.App. 1st Cir.), writ denied, 334 So.2d 427 (La.1976).
In order to establish the element of good faith, it must be shown that the person making the allegedly defamatory statements had reasonable grounds for believing that the statements were true and that he or she honestly believed that the statements were correct. Cormier v. Blake, 198 So.2d 139 (La.App. 3rd Cir.1967). In Keller's deposition and in her affidavit attached in support of appellees' motion for summary judgment, she lists several complaints made to her by staff members and patients about appellant's rude treatment of patients and failure to follow hospital policies. Keller also stated in her deposition that she had personally witnessed appellant's failure to care for the needs of a patient in the emergency room on one occasion. Therefore, the appellees argue that Keller's good faith in making the allegedly defamatory statements about appellant was established.
In appellant's opposition to the appellees' motion for summary judgment and her affidavit in support of the same, she alleges that Keller intentionally fabricated complaints about her thereby negating the requirement of good faith necessary for the appellees to enjoy a qualified privilege against this defamation suit. Appellant argues that the appellees, in their motion for summary judgment, relied only on hearsay and self-serving statements by Keller to support their allegation that complaints were actually lodged with Keller regarding appellant's unprofessional conduct.
In appellant's affidavit, she specifically denied the truthfulness of each of the complaints which Keller claims were lodged against her. Additionally, in an attempt to demonstrate that Keller acted in bad faith in communicating complaints about appellant to her supervisors, the appellant submitted an affidavit from a former United Medical Center employee who stated that she worked with appellant and never saw her act rudely or unprofessionally to a patient or staff member. This former employee also stated that, on several occasions, she heard Keller make disparaging remarks about the appellant that were personal in nature, including unkind remarks about appellant's clothing.
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 967 states, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by deposition, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not *494 so respond, summary judgment, if appropriate, shall be rendered against him ...
In this case, the main issue is whether or not the pleadings and affidavits indicate that a genuine issue of fact exists as to whether the statements allegedly made by Keller about the appellant were made in good faith. In her affidavit submitted in support of appellees' motion for summary judgment, Keller swears as to facts about which she had personal knowledge, i.e. that complaints were made to her by others about appellant's behavior and that she personally witnessed appellant's unprofessional conduct. On the other hand, the appellant, in her opposition to appellees' motion for summary judgment and supporting affidavits, does not offer any substantiation of her claim that Keller fabricated the complaints against her. The affidavit of the former hospital employee who stated that she heard Keller make disparaging remarks about the appellant does not, in any way, support appellant's claim that Keller fabricated the complaints; in fact, the statements in that affidavit are completely irrelevant to this issue.
Therefore, the appellees sufficiently established that the statements made by Keller about appellant were made in good faith.
The other two elements of qualified privilege were also established in this case. Keller, as hospital administrator, clearly had a duty to report complaints about the alleged unprofessional conduct of a physician working at the hospital. Furthermore, the people to whom Keller reported the complaints, i.e. appellant's supervisor and other hospital officials, clearly had an interest and a right to be informed about complaints of unprofessional conduct of a hospital physician.
Accordingly, because no genuine issues of material fact exist in this case, we affirm the trial court judgment granting appellees' motion for summary judgment and dismissing appellant's suit on the grounds that a qualified privilege protects the appellees from this defamation action by the appellant.
AFFIRMED.
NOTES
[1] This defendant is referred to as Baudy in most of the record and in the trial court judgment but the petition states her last name as Keller.