BYRNES, Judge.
Margaret Verneuil was employed as an echocardiology technician at Mercy Hospital from January 1981 until 1984. Verneuil was admitted as a patient to Mercy Hospital in order to have surgery to remove an ovary. According to Verneuil, while in the post-operation recovery room Jules Poirier, III, her workplace supervisor, lifted the *1204 sheet and gown covering her in an attempt to view her abdominal incision.
Verneuil subsequently complained of Poi-rier’s behavior to hospital administrators. Thereafter, Mercy Hospital fired Verneuil and a statement was sent to the state office of unemployment. The statement was also placed in her permanent personnel file. It read: “her [Margaret Vemeuil’s] unjustified accusations of misconduct on the part of her supervisor has rendered her unfit for further employment.”
Verneuil filed suit against Poirier and Mercy Hospital for invasion of privacy which allegedly occurred within the course and scope of Poirier’s employment. She later amended her petition against Mercy for damages suffered as a result of intentional acts of defamation against her. After a trial on the merits, the jury ruled in favor of the plaintiff and judgment was rendered against the defendants jointly, severally and in solido for the sum of $100,-000.00. The defendants have now brought this appeal. In answer to the appeal, plaintiff seeks an increase.
The defense alleges seven assignments of error. In the first two assignments, the defendants contest their joint liability to the plaintiff. Because the jury found Poirier liable for $75,000.00 for invasion of privacy and Mercy liable for $25,-000.00 for defamation, they contend that finding them liable jointly and severally and in solido for the full $100,000.00 violates LA.C.C.P. art. 1812 as it is not in conformity with the jury’s answers to interrogatories. This argument lacks merit. The jury’s answers to interrogatories are designed to resolve questions of fact. The solidarity of defendants, however, is a legal status arising from the employment relationship. Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981). The defense argues that the doctrine of respondeat superior does not apply because Poirier was acting outside the course and scope of his employment. An employer’s liability under the doctrine of respondeat superior for the acts of its employees turns on the fact situation of each case, looking at whether the employee’s conduct is closely related in time, place and causation to his employment. Puccio v. Finch, 454 So.2d 272 (La.App. 4th Cir.1984), writ denied 458 So.2d 478 (La.1984). There is no question that Poirier’s conduct occurred during the time and the place of his employment with Mercy. Ensuring a patient’s well being from all others, including staff, while the patient is helpless under the effects of anesthesia is part of its normal business.
Furthermore, the defendant answered by admitting that Poirier was an employee of the hospital. The defendants have at all times acted as one entity, using the same counsel at all times. Thus, this argument is dismissed as meritless by this court. Mercy is jointly liable for any damages for invasion of privacy suffered by the plaintiff.
In their third assignment of error, the defendants claim that the plaintiff did not meet her burden of proof to establish invasion of privacy and that the verdict was contrary to evidence. The record shows that the plaintiff testified that she saw the defendant lift up her gown and sheet to view her incision site. And, although she was still under the effects of anesthesia, she was certain of this fact. Furthermore, there was testimony that Poi-rier had asked Patricia Garcia questions concerning the plaintiff’s incision wound that firmly suggest he had viewed her body. In cases of credibility, this court will not substitute its judgment for that of the trial court. Rossell v. ESCO, 549 So.2d 840 (La.1989). The fact finder’s decision to believe the scenario presented by the plaintiff was not clearly wrong nor was it unsupported by the evidence. Therefore, this court will not disturb the lower court’s finding.
The defendants in the fourth assignment of error contend that the trial court erred in failing to exclude “hospital investigative documents,” specifically an interoffice memo which included an interview with Poirier concerning the incident with Ver-neuil transcribed by Sister Lilly. The defense claims that the document is hearsay and was improperly admitted into evidence. A review of the record reveals that the *1205 document was used to impeach the witness’ credibility by way of prior inconsistent statements. At trial Poirier claimed that he definitely did not approach Verneuil’s bedside but the earlier interview indicated that he did visit her bedside. For this use, the document was admissible. La.Code of Evidence, art. 607 D(2).
In their fifth assignment of error the defense asserts that the plaintiff failed to prove the elements of the defamation claim. A plaintiff in a defamation action must prove defamatory words, publication or communication, falsity, malice, and injury. O’Dell v. Deich, 496 So.2d 1074, 1076 (La.App. 4 Cir.1986), citing Cangelosi v. Sckwegmann Bros. Giant Supermarkets, 390 So.2d 196 (La.1980). Here the element of malice is lacking. Furthermore, communications between previous employers and prospective employers enjoy a qualified privilege. Butler v. Folger Coffee Co., 524 So.2d 206, 206, n. 1 (La.App. 4 Cir.1988). A qualified privilege exists if the communicator had reasonable grounds for believing the substance of the communication to be true, if the communication was on a subject for which the communicator owed a duty, and if the communication was made to a person having a corresponding duty. O’Dell, supra, at pp. 1076-77. In the instant case, the facts placed in evidence support the conclusion that all the elements of this good faith requirement were met. See Miller-Douglas v. Keller, 579 So.2d 491 (La.App. 4 Cir.1991). Thus, we reverse the trial court’s judgment finding defamation and the award of damages for defamation as unsupported and clearly wrong.
The last assignment of error disputes the quantum of damages awarded. This court will not disturb the trial court’s award for damages absent a determination that the trial court abused its wide discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). In addition, “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review.” Rossell, supra.
In the instant case, the award of $75,000 for invasion of privacy is far beyond the highest amount under these facts. The defendant is alleged to have lifted a sheet and looked at the plaintiff’s post-surgical incision. The plaintiff did not, as a result, undergo any medical or psychiatric treatment. The actions of Mr. Poirier caused the plaintiff anger and upset. However, in cases where the plaintiffs suffered far more serious harm, the awards have been substantially lower: Alphonso v. Charity Hospital of La., 413 So.2d 982 (La.App. 4 Cir.), writ denied, 415 So.2d 952 (La.1982), two rapes of mental patient, $50,000; Turner v. State, 494 So.2d 1292 (La.App.2 Cir.1986), an unauthorized examination of genitals by recruiter, $4,000 per plaintiff.
In this case, we find the highest possible award within the discretion of the trial court for invasion of privacy to be $15,000 and amend the award of the trial court accordingly. Costs and interest are assessed against the appellant.
AFFIRMED IN PART; REVERSED IN PART.