JAMES F. McKAY, III, Judge.
Bin this tort action, the plaintiffs, Ronald and Linda Weber, appeal the trial court’s granting of summary judgment in favor of the defendant, Sears Home Improvement Products, Inc. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Rhodessa Price purchased an air conditioning unit from Sears and paid Sears to install the unit. Sears called on Elite A/C Service, LLC to do the installation. Clayton Bourgeois and Glenn Bourgeois were the Elite employees sent to the Price residence in order to install the unit.
Ms. Price asked her neighbor, Ronald Weber, to look over the job because he had experience in construction. Mr. Weber had some concerns about the job; he expressed these concerns to the Elite employees as well as to Steve Johnson, the Heating, Ventilation, Air Conditioning Project Manager and Project Coordinator for Sears. In response to Mr. Weber’s concerns, Mr. Johnson came to the Price home and Mr. Weber informed him that the air conditioner had been placed where Ms. Price could not get out of her house. After Mr. Johnson had left, Clayton |2Bourgeois and Mr. Weber were involved in some sort of physical altercation. As a result, Mr. Weber sustained several facial fractures which required multiple surgeries.
Mr. Weber and his wife, Linda, filed a personal injury lawsuit, which included a claim for Mrs. Weber’s loss of consortium, against Clayton Bourgeois, Elite, Sears, and Canal Indemnity Company (the CGL liability insurer for Elite). Sears answered the suit, denying liability, and asserted that Clayton Bourgeois and Elite *992 were independent contractors.[1] The plaintiffs filed a motion for partial summary judgment (and for declaratory relief), seeking a ruling that: (1) Sears is an employer of Clayton Bourgeois and is vicariously liable for any fault of Clayton Bourgeois; and (2) that Clayton Bourgeois was acting in the course and scope of his employment with Sears at the time of the fight and any fault by Clayton Bourgeois, to be determined at a later date, must be imputed to Sears. Sears then filed a cross motion for summary judgment, seeking a determination that: (1) Elite is an independent contractor of Sears such that Sears would have no vicarious liability; (2) Clayton Bourgeois was not a “borrowed employee” of Sears; and (3) that plaintiffs cannot prevail on their claim against Sears for negligent hiring/screening of Clayton Bourgeois.
On April 15, 2011, the trial court heard the motions for summary judgment. The trial court found that Clayton Bourgeois was not a borrowed employee of |sSears and that an independent 'contractor relationship between Sears and Clayton Bourgeois existed. The trial court denied the plaintiffs’ motion for partial summary judgment but granted Sears’s motion for summary judgment, which resulted in the dismissal of the plaintiffs’ claims against Sears. The plaintiffs now appeal.
DISCUSSION
On appeal, the plaintiffs raise the following assignments of error: (1) the trial judge erred in denying plaintiffs’ motion for summary judgment and/or declaratory relief that Elite, specifically Clayton Bourgeois, was a borrowed and/or co-employee of Sears in contravention of established case law, derived from vicarious liability;
(2) the trial judge erred in denying plaintiffs’ motion for summary judgment and/or declaratory relief that whatever happened in the altercation (which should be decided by a jury), Mr. Bourgeois was acting in the course and scope of his employment since all evidence suggests that the only interaction between the two men was related to the installation of the A/C job; (3) the trial judge applied the wrong summary judgment standard by denying plaintiffs’ motion for summary judgment on the course and scope issue on the grounds that, notwithstanding a complete lack of evidentia-ry support, one could theorize Mr. Weber could have called Mr. Bourgeois pejorative names; and (4) the trial judge erred in stating several times that she saw material issues of fact regarding the two issues before her which she stated should be decided by a jury and then, granting ]4summary judgment to Sears on the same issues which she declared were jury issues.
The plaintiffs’ first three assignments of error are not properly before this Court. The denial of summary judgment is an interlocutory judgment, which is not ap-pealable. Only final judgments are ap-pealable, unless the law expressly provides that an interlocutory judgment is appeal-able. See La. C.C.P. art. 2083(A) and (C). Louisiana Code of Civil Procedure Article 968 states that “[a]n appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.”
The plaintiffs’ final assignment of error, dealing with the trial court’s granting of Sears’s motion for summary judgment and the dismissal of the plaintiffs’ claims against Sears, is properly before this Court.
*993 Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises, Inc. v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the |saffidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must “make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966(C).
Although Sears argues that there was a written contract deeming Elite an independent contractor, this is not determinative of whether a borrowed employee situation exists. The circumstances surrounding the relationship govern. See Morgan v. ABC Mfr., 97-0956 (La.5/1/98), 710 So.2d 1077, 1080. Sears sold the air conditioning unit and arranged for Elite to do the installation. Sears exercised some oversight of the jobs it assigned to Elite; in the instant case, this is evidenced by Mr. Johnson’s going to the job site. Sears also conducted background checks on potential employees of Elite. Clearly, this creates a question as to whether Clayton Bourgeois was a borrowed employee of Sears at the time of his altercation with Mr. Weber.
If Clayton Bourgeois was a borrowed employee of Sears, there is also a question as to whether he was in the course and scope of his employment at the fitime of the altercation. To determine course and scope, courts look at whether the employee’s conduct was closely related in time, place, and causation to his employment. Verneuil v. Poirier, 589 So.2d 1202 (La.App. 4 Cir.1991). It is alleged that Clayton Bourgeois attacked Mr. Weber because he believed that Mr. Weber was going to call Mr. Johnson to complain about the installation job. Accordingly, whether Clayton Bourgeois was in the course and scope of his employment is a question of fact.
Because there are genuine issues of material fact concerning whether Clayton Bourgeois was a borrowed employee of Sears and whether he was in the course and scope of his employment at the time of the altercation, Sears’s motion for summary judgment should not have been granted.
CONCLUSION
For the above and foregoing reasons, the trial court’s granting of Sears’s motion for summary judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BONIN, J., concurs with reasons.

. Sears also asserted a cross claim against Elite and Clayton Bourgeois and a third party demand against Glenn Bourgeois for contractual indemnity and defense as well as for coverage by Canal under its CGL policy. Those claims were reserved in the judgment dismissing the plaintiffs' claims against Sears and are not at issue in this appeal.