# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30843

United States Court of Appeals
Fif h Circuit

**FILED**
August 31, 2017

Lyle W. Cayce
Clerk

JOANNE STONE,

Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF REVENUE,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-3022

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Joanne Stone worked for the Louisiana Department of Revenue ("Department"). She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and ultimately sued the Department in federal district court, alleging race discrimination, harassment, and retaliation under Title VII, as well as defamation under Louisiana law. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30843

dismissed all of her claims. Stone appealed; we remanded her retaliation and defamation claims for further proceedings. The Department later moved for summary judgment as to Stone's remaining claims. The district court granted the motion.[1] Stone appeals. We AFFIRM.

I

Stone worked in the Department's New Orleans office as a Revenue Tax Auditor II from 2001 to 2010. In early 2010 Stone, who is black, filed an internal grievance with the Department alleging that her supervisor, Vendetta Lockley—also black—had discriminated against her on the basis of her race. Stone alleged that Lockley had harassed her in a number of ways, including questioning her ability to meet deadlines, not approving audit hours in time to be counted towards Stone's year-end production numbers, and accusing her of losing paperwork. The Department agreed to transfer Stone to its Houston office; she was transferred in late 2010.

Meanwhile, just before her transfer to Houston, Stone filed a complaint against the Department with the EEOC alleging race discrimination and retaliation. She later amended the complaint to add a claim for harassment based on her race. The EEOC issued Stone a right to sue letter in 2013, and she timely filed suit in federal district court, adding a state law defamation claim. The Department moved to dismiss Stone's suit under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, refused to exercise supplemental jurisdiction over Stone's state defamation claim, and dismissed her case. Stone appealed. We concluded that Stone's retaliation claim survived the Department's motion to dismiss, but only "for events

---

[1] The case was actually heard by Magistrate Judge Roby. Because the parties consented to the Magistrate Judge's jurisdiction, we refer to it as the district court for ease of reference throughout.

occurring after May 2010." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014) (per curiam). We also reversed the district court's dismissal of her state defamation claim and remanded to the district court for further proceedings. *Id.* at 342.

Discovery began. The parties exchanged myriad discovery requests, answered interrogatories, and conducted depositions. The Department ultimately moved for summary judgment in December 2015, more than a year after our remand. The district court issued a thoroughly-reasoned order granting the Department's motion. Stone now appeals.

II

We review a grant of summary judgment de novo, applying the same standard as the district court. *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (citing *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014)). "Summary judgment is appropriate only when the record reveals 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). When reviewing a grant of summary judgment, "[w]e interpret all facts and draw all reasonable inferences in favor of the nonmovant." *Id.* (citing *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013)). It is also true, however, that "[c]onclusory" affidavits and allegations "are not sufficient to defeat a motion for summary judgment." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)).

No. 16-30843

III

Stone appeals the district court's grant of summary judgment as to: (1) her state law defamation claim; and (2) her Title VII retaliation claim. We address each in turn.

A. Defamation

In Louisiana, a plaintiff alleging defamation must prove four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged communication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Bellard v. Gautreaux*, 675 F.3d 454, 464 (5th Cir. 2012) (citing *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004)). In addition—relevant to Stone's case—under Louisiana law, an ex-employer who is asked to provide a reference for an employee and "provides accurate information about a current or former employee's job performance or reasons for separation shall be immune from civil liability and other consequences of such disclosure provided such employer is not acting in bad faith." La. R.S. 23:291(A); *see also Butler v. Folger Coffee Co.*, 524 So.2d 206, 206 n.1 (La. Ct. App. 1988) ("Communications between a previous employer and a prospective employer . . . enjoy a qualified or conditional privilege. Such a communication is not actionable when made in good faith.").

Stone's defamation argument on appeal is somewhat convoluted. She does not directly identify any defamatory statement made by an employee of the Department. On a generous construction, it appears she is arguing that her manager, Lockley, defamed her by providing negative references to prospective employers. Stone cannot point to any statement actually made by Lockley to a bona fide prospective employer. Rather, Stone explains that she hired third-party reference checking companies to call Lockley and pose as prospective employers in order to see what the content of Lockley's reference

would be. During one of those faux "interviews," Lockley noted that she felt that Stone lacked "organizational skills."

Stone contends that Lockley's statement regarding her lack of organizational skills was defamatory. She concedes that the Department can only be held liable for that statement if it was made in bad faith. *See* La. R.S. 23:291(A). Yet, despite this concession, Stone makes no argument whatsoever that Lockley's statement about her organizational skills was made in bad faith. Indeed, Lockley was concerned about Stone's organizational skills for some time before the alleged defamatory statement. On Stone's 2010 "performance planning and review" form, for example, Lockley expressed concern about disorganization in Stone's presentation of data during a complex audit. Thus, the record evidence indicates that Lockley, in her role as Stone's supervisor, was genuinely concerned about Stone's organizational skills. In response, Stone can muster only conclusory statements to the effect that Lockley's statement to the reference checker was "intolerable" and "deliberate." In the absence of any substantiated argument that Lockley's allegedly defamatory statement was made in bad faith, Stone's defamation claim fails pursuant to Louisiana law.

B. Retaliation

"A plaintiff establishes a *prima facie* case of retaliation by showing (i) [s]he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)). In the context of a Title VII retaliation claim, an employment action is "materially adverse" if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (internal quotation marks omitted).[2]

Stone argues that Lockley retaliated against her in a number of ways. Specifically, Stone alleges that Lockley: (1) gave Stone an inaccurate performance evaluation soon after her EEOC complaint was filed; (2) did not properly credit Stone's end-of-year production numbers; (3) falsely accused Stone of misplacing a form; and (4) convinced Stone's new supervisor in Houston to deny Stone's telecommuting privileges.

None of these allegations is availing, however, because Stone is unable to establish a "causal link" between the protected activities—i.e. her complaints—and any alleged adverse employment actions. This is so because Stone cannot point to any record evidence to show that Lockley was aware of her EEOC complaint when the alleged retaliation took place. And if Lockley did not know about the complaint, then her alleged actions could not have been taken in retaliation therefrom. To be sure, Stone repeatedly *states* that Lockley knew about the complaint, but the only record evidence she points to in support is her own brief in opposition to summary judgment below. That brief in turn cited to a deposition of Lockley's that was not put into the record. The district court noted the omission of Lockley's deposition in the record before it, explaining that the record was therefore "unclear as to whether Lockley had knowledge that Stone engaged in the protected activity."[3] Stone effectively

---

[2] The district court seems to have erroneously applied this circuit's previous standard for adverse employment action in retaliation suits—a standard that was expressly abrogated by *Burlington*. This evident error was harmless, however, because—as we explain below—Stone's retaliation claim fails on the third causality prong.

[3] The district court concluded that Stone's retaliation argument failed on the second prong—holding that she could not establish that an adverse employment action was taken against her—and therefore did not reach the issue of causality. We "may affirm the district court's judgment on any basis supported by the record," however. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). And because we decide Stone's appeal on the causality

invites us to accept her characterization of Lockley's deposition testimony on faith. In the absence of any genuine record evidence tending to show that Lockley knew about Stone's EEOC complaint, Stone's retaliation arguments must fail.

## IV

The district court's judgment is AFFIRMED.

---

prong, we need not reach the issue of whether Lockley's alleged behaviors would qualify as adverse employment actions for purposes of retaliation.